OPINION
{¶ 1} Appellant, Danny A. Davis, appeals from the judgment of the Lake County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. Chapter 2950. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On July 18, 2000, by way of information, appellant was charged with three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). These charges originated from inappropriate sexual contact appellant had with his niece when she was eleven or twelve years old. On September 13, 2000, the trial court accepted appellant's plea of guilty to all three counts. The trial court then referred the matter to the probation department for the preparation of a presentence investigation report, a psychiatric evaluation, and a victim impact statement.
 {¶ 3} Prior to sentencing, the matter came on for a hearing to determine whether appellant was a sexual predator. In a judgment entry dated October 18, 2000, the trial court found, by clear and convincing evidence, that appellant was a sexual predator as defined in R.C. 2950.01. Thereafter, the trial court sentenced appellant to one year in prison on each of the three counts of gross sexual imposition to be served concurrently.
 {¶ 4} On a previous appeal, this court reversed the trial court's judgment entry adjudicating appellant as a sexual predator, and remanded the matter based upon the trial court's failure to state which factors under R.C. 2950.09(B)(2)(a)-(j) it had considered in support of its adjudication. State v. Davis, 11th Dist. No. 2000-L-190, 2002-Ohio-1957, 2002 WL 603061, at 1. On remand, we requested that the trial court provide its independent findings regarding the foregoing factors. Id. at 3.
 {¶ 5} In accordance with our holding, the trial court conducted a second sexual offender classification hearing. During the hearing, the trial court appropriately stated its independent findings with respect to the factors under R.C. 2950.09(B)(2)(a)-(j). The trial court restated these findings in its July 30, 2002 judgment entry, and again classified appellant as a sexual predator pursuant to R.C. Chapter 2950.
 {¶ 6} From the July 30, 2002 judgment entry, appellant filed a timely notice of appeal with the following assignment of error for our consideration:
 {¶ 7} "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 8} Appellant's manifest weight claim contends that the evidence presented at the classification hearing failed to prove by clear and convincing evidence that he was likely to commit a sexual offense in the future. Consequently, appellant maintains that the trial court "clearly lost its way" and created a "manifest miscarriage of justice" when it adjudicated him as a sexual predator.
 {¶ 9} A trial court's sexual predator classification will not be reversed by an appellate court unless the manifest weight of the evidence fails to support the trial court's decision. State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291. When reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 10} R.C. 2950.01(E)(1) defines a sexual predator as a person who has been "convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In applying this definition, a trial court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof which "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. See, also, State v. Eppinger, 91 Ohio St.3d 158, 164,2001-Ohio-247.
 {¶ 11} To assist a trial court in determining the second prong of the sexual predator definition, specifically, whether appellant is likely to engage in the future in one or more sexually-oriented offenses, R.C.2950.09(B)(2)(a)-(j) sets forth a list of nonexclusive factors that the trial court must consider. These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the victim's age; (4) whether the underlying sexually oriented offense involved multiple victims; (5) whether the offender used alcohol or drugs to impair or incapacitate the victim; (6) whether the offender has previously participated in a rehabilitative program for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the specific nature of the sexual conduct involved in the underlying sexually oriented offense; (9) whether the offender acted cruelly in committing the underlying sexually oriented offense; and (10) any additional behavioral characteristics that contribute to the offender's conduct.
 {¶ 12} Here, the record demonstrates that the trial court considered each of the factors under R.C. 2950.09(B)(2), and after doing so, concluded there was clear and convincing evidence to support a determination that appellant satisfied both prongs of the sexual predator definition. In particular, the trial court noted that appellant had pleaded guilty to a sexually-oriented offense as defined by R.C. Chapter 2950. The trial court then proceeded to the second prong of its sexual predator classification and provided the following analysis of the requisite factors under R.C. 2950.09(B)(2):
 {¶ 13} "a.) The Defendant was thirty-five (35) years old at the time of the offenses, and the Defendant was thirty-six (36) years old at the time of sentencing;
 {¶ 14} "b.) The defendant has a prior criminal record, including two (2) convictions for Driving Under the Influence of Alcohol (DUI). The Defendant has no prior criminal record for sexual offenses.
 {¶ 15} "c.) The victim of the sexually oriented offenses for which sentence was imposed was eleven (11) to twelve (12) years of age at the time of the offenses;
 {¶ 16} "d.) The sexually oriented offenses for which the sentence was imposed did not involve multiple victims;
 {¶ 17} "e.) The Defendant did not use drugs or alcohol to impair the victim or to prevent the victim from resisting;
 {¶ 18} "f.) The Defendant has completed any sentence imposed for two (2) prior convictions for Driving Under the Influence of Alcohol (DUI). The Defendant has no prior criminal record for sexual offenses and has not participated in available programs for sexual offenders;
 {¶ 19} "g.) The Defendant does have a mental illness or mental disability, including Pedophilia, Non-Exclusive Type, with an attraction to females, and a Personality Disorder, not otherwise specified, with dependent, immature and compulsive traits;
 {¶ 20} "h.) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context included initiating sexual contact with the Defendant's niece, a female victim between the ages of eleven (11) and twelve (12) on three separate occasions while the Defendant was residing in the victim's home. The Defendant's sexual actions were part of a demonstrated pattern of abuse;
 {¶ 21} "i.) The nature of the Defendant's actions during the commission of the sexually oriented offenses did not display cruelty or threat of cruelty toward the victim;
 {¶ 22} "j.) Additional behavioral characteristics that contributed to the defendant's conduct include that the Defendant reported a twenty (20) year history of sexual offending, beginning when he was about fifteen (15) years old.
 {¶ 23} With respect to the above factors, appellant notes the trial court determined that he had no prior sexual offenses, never used drugs or alcohol to impair his niece, did not threaten his niece nor display any cruelty toward her, and the sexually oriented offenses for which his sentence was imposed did not involve multiple victims. Appellant contends that the trial court's findings regarding these factors display its failure to base its sexual predator classification upon clear and convincing evidence. Therefore, its adjudication was against the manifest weight of the evidence. We disagree.
 {¶ 24} "To adjudicate a defendant as a sexual predator, the trial court need not find that a majority of these factors support such a determination; rather, the defendant may be so adjudicated even if only one or two of these factors are present, so long as the totality of the circumstances provides clear and convincing evidence that the defendant is likely to commit a sexually-oriented offense in the future." State v.Faehner, 11th Dist. No. 2001-L-212, 2002-Ohio-5148, at ¶ 9. See, also, State v. Swank, 11th Dist. No. 98-L-049, 2002-Ohio-1337, 2002 Ohio App. LEXIS 1345, at 16 (holding that a defendant may be classified as a sexual predator even if only one or two of the factors of R.C.2950.09(B)(2) are present).
 {¶ 25} That being said, after reviewing the surrounding circumstances it is evident that the trial court based its sexual predator adjudication upon clear and convincing evidence. While the record accurately reflects the absence of some factors, the majority of the factors found by the trial court demonstrated that appellant was likely to commit a sexually-oriented offense in the future. For example, the trial court recognized that appellant, at age thirty-five, had engaged in inappropriate sexual contact with his twelve year old niece on multiple occasions. These findings were based upon appellant's admission that while living with his sister, he had rubbed his niece's vagina through her clothing during three separate incidents. Appellant also confessed to a fourth instance in which he entered his niece's bedroom with the intention of engaging in further inappropriate touching, but did not because, as he stated, "something told me not to this time." The foregoing evidence of appellant's inability to control his sexual conduct enabled the trial court to find that appellant had demonstrated a pattern of abuse.
 {¶ 26} The trial court further noted that appellant had admitted to a twenty-year history of sexual offending. During the compilation of his presentence report and psychiatric evaluation, appellant confessed to numerous sexually-oriented offenses against other family members which had not been reported. Appellant admitted that at age fifteen, on two separate occasions, he had rubbed the vaginal area of a different younger niece. On one of these occasions, appellant explained that he inserted his finger into that niece's vagina. Appellant further stated that when he was in the tenth grade he was asked to baby sit two of his other younger nieces. Appellant admitted that he had touched both of their vaginas when he was putting them to bed. Lastly, appellant confessed that at age seventeen he tried to touch his sister's vagina when she was ten years old. His sister, however, stopped him before he actually touched her. Although the foregoing offenses were not reported, the trial court appropriately considered appellant's admissions of prior sexual contact under the catchall factor of R.C. 2950.09(B)(2)(j).
 {¶ 27} Furthermore, based upon appellant's psychiatric evaluation, the trial court properly considered appellant's diagnosed mental illness of pedophilia and appellant's diagnosed personality disorder with dependent, immature, and compulsive traits. In part, the psychiatric evaluation corroborated these diagnoses through the following evidence: (1) appellant's multiple offenses; (2) evidence that appellant himself had been the victim of child abuse, as he had been orally sodomized by an older cousin when he was eight or nine years of age; and (3) evidence that appellant's history of sexual violence was escalating in frequency or severity over time. In conclusion, the evaluation found appellant to pose "at least a moderate risk of recidivism that is sexual in nature."
 {¶ 28} It is clear that the trial court found that a majority of the requisite factors were present. These factors were supported by evidence contained within the presentence report and psychiatric evaluation. The totality of the circumstances provided the trial court with clear and convincing evidence that the defendant is likely to commit a sexually-oriented offense in the future. Thus, this portion of appellant's assignment of error is not well taken.
 {¶ 29} Appellant also contends that an examination of the psychiatric evaluation confirms that the trial court's adjudication of appellant as a sexual predator was against the manifest weight of the evidence. In support of this contention, appellant points to portions of the psychiatric evaluation describing him as having a low risk of re-offending and portions of the evaluation explaining that there was a high probability that he would respond to treatment.
 {¶ 30} At the outset, we note that appellant states the evaluation's assessment of recidivism as low risk. This assessment, however, was based solely upon appellant's score on just one of numerous clinical tests. The psychiatric evaluation compiled all of appellant's clinical test scores and determined that appellant posed at least a moderate risk of recidivism. Moreover, the risk of appellant engaging in further sexual offenses of interfamilial victims was rated as high. Therefore, the psychiatric evaluation determined that under the circumstances appellant "would qualify for a status of sexual predator."
 {¶ 31} Although the psychiatric evaluation found that appellant would be amenable to rehabilitation, this alone does not establish that the trial court's adjudication was against the manifest weight of the evidence. It is within the discretion of the trial court to assess the significance of the psychological evaluation's findings, including its weight and credibility, and then consider the totality of the circumstances presented in the case. State v. Krivanek, 11th Dist. No. 2001-L-030, 2002-Ohio-3963, at ¶ 25.
 {¶ 32} Here, the trial court was able to weigh evidence of appellant's amenability to rehabilitation against the surrounding circumstance and concluded that appellant fit the definition of a sexual predator. As mentioned previously, there was abundant evidence demonstrating that appellant posed a high risk of reoffending. Therefore, the trial court's adjudication was not against the manifest weight of the evidence in this regard. This portion of appellant's assignment of error is also not well taken.
 {¶ 33} Based upon the foregoing analysis, the trial court's adjudication of appellant as a sexual predator was not against the manifest weight of the evidence. Appellant's assignment of error is without merit. The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Donald R. Ford, P.J., and Diane V. Grendell, J., concur.