OPINION
{¶ 1} Appellant, Glen Grandbouche, appeals from a judgment of the Geauga County Court of Common Pleas, adjudicating him a sexual predator pursuant to R.C. Chapter 2950. For the reasons that follow, we affirm.
 {¶ 2} On November 18, 1988, appellant was indicted on one count of rape, under R.C. 2907.02, an aggravated first degree felony, with a specification of force or threat of force, and one count of gross sexual imposition, under R.C. 2907.05(A)(3), a third degree felony. These charges originated from appellant's alleged inappropriate sexual conduct with his adopted stepdaughter when she was five to seven years old.
 {¶ 3} After appellant pleaded not guilty at his arraignment, this matter proceeded to a trial before the court on June 15, 1989. Testimony at trial established that appellant had engaged in oral sex, cunnilingus, and digital penetration with his stepdaughter on numerous occasions from 1985 until 1987. The evidence also revealed that appellant instructed his stepdaughter that if she told anyone about the sexual conduct, it would destroy their family.
 {¶ 4} As a result of the evidence presented, the trial court found appellant guilty on both counts. Appellant was sentenced to life imprisonment on the rape charge and one and one-half years on the gross sexual imposition charge, said sentences to be served concurrently.
 {¶ 5} Pursuant to R.C. 2950.09(C), a hearing was held on October 28, 2003, to determine whether appellant should be adjudicated as a sexual predator. During the hearing, evidence regarding the facts underlying appellant's conviction was presented to the trial court. Furthermore, two separate clinical psychological assessments of appellant were admitted as exhibits. The first was a sexual aggression assessment which was prepared on October 10, 1998, at the Ravenwood Mental Health Center. The sexual aggression assessment concluded that appellant posed a high risk to reoffend. The second assessment was prepared on August 10, 2003, by Dr. John Fabian ("Dr. Fabian"). Although Dr. Fabian did not testify at the hearing, his written assessment determined that appellant posed a low to low-moderate risk of re-offending. Both assessments were admitted without objection.
 {¶ 6} On October 28, 2003, the trial court issued a judgment entry which applied its factual findings to the factors of R.C.2950.09(B)(3). Based upon this analysis, the court determined, by clear and convincing evidence, that appellant was a sexual predator as defined by R.C. Chapter 2950.
 {¶ 7} From this judgment, appellant filed a timely notice of appeal and sets forth the following two assignments of error:
 {¶ 8} "[1.] The finding of the trial court that appellant shall be classified as a sexual predator is not supported by sufficient evidence.
 {¶ 9} "[2.] The appellant's classification as a `sexual predator' is against the manifest weight of the evidence."
 {¶ 10} Appellant's first and second assignments of error challenge the sufficiency of the evidence and the weight of the evidence giving rise to the court's sexual predator adjudication. The concepts of sufficiency and weight are quantitatively and qualitatively distinct in a criminal proceeding. See, e.g.,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented." State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13.
 {¶ 11} "Because R.C. Chapter 2950 is remedial in nature and not punitive, we must apply the civil standard to the sexual-predator adjudication." State v. Hunter (2001),144 Ohio App.3d 116, 121, citing State v. Cook, 83 Ohio St.3d 404, 417,1998-Ohio-291. "The standard of review for appeals in civil cases challenging manifest weight or the sufficiency of the evidence
is that: `judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.'" (Emphasis added.) Lydic v. Earnest,
7th Dist. No. 02 CA 125, 2004-Ohio-3194, at ¶ 20, quoting C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280. Thus, we will address appellant's first and second assignments of error in a consolidated fashion to determine whether some competent and credible evidence supports the trial court's sexual predator classification.
 {¶ 12} A trial court's sexual predator classification will not be reversed by an appellate court unless the manifest weight of the evidence fails to support the trial court's decision. See, e.g., Cook. When reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin
(1983), 20 Ohio App.3d 172, 175. See, also, Thompkins at 387.
 {¶ 13} R.C. 2950.01(E)(1) defines a sexual predator as a person who has been "convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In applying this definition, a trial court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. R.C.2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof which "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. See, also, State v. Eppinger,91 Ohio St.3d 158, 164, 2001-Ohio-247.
 {¶ 14} To assist a trial court in determining the second prong of the sexual predator definition, specifically, whether appellant is likely to engage in the future in one or more sexually-oriented offenses, R.C. 2950.09(B)(3)(a)-(j) sets forth a list of nonexclusive factors that the trial court must consider. These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the victim's age; (4) whether the underlying sexually oriented offense involved multiple victims; (5) whether the offender used alcohol or drugs to impair or incapacitate the victim; (6) whether the offender has previously participated in a rehabilitative program for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the specific nature of the sexual conduct involved in the underlying sexually oriented offense; (9) whether the offender acted cruelly in committing the underlying sexually oriented offense; and (10) any additional behavioral characteristics that contribute to the offender's conduct.
 {¶ 15} Here, the record demonstrates that the trial court considered each of the factors under R.C. 2950.09(B)(3), and after doing so, concluded there was clear and convincing evidence to support a determination that appellant satisfied both prongs of the sexual predator definition. In particular, the trial court noted that appellant had been convicted of two separate sexually-oriented offenses, i.e., rape and gross sexual imposition, as defined by R.C. Chapter 2950. The trial court then proceeded to the second prong of its sexual predator classification and provided the following analysis of the requisite factors under R.C. 2950.09(B)(3):
 {¶ 16} "1. Defendant is currently age 42. At the time of the offenses, Defendant was 25 to 27 years old.
 {¶ 17} "2. Prior to his conviction in the within case, Defendant had two prior convictions for DUI, one in 1978 and one in 1985.
 {¶ 18} "3. The victim of Defendant's sexual offenses was his adopted stepdaughter. She was 5 to 7 years old at the time of the offenses.
 {¶ 19} "4. Defendant's stepdaughter was the only person with whom Defendant had illegal conduct.
 {¶ 20} "5. Defendant did not use alcohol or drugs to impair his victim.
 {¶ 21} "6. Defendant had not been convicted of any prior sex offenses.
 {¶ 22} "7. Dr. Fabian has determined that Defendant qualifies as a pedophiliac, sexually attracted to females, and that Defendant has alcohol dependence. Dr. Fabian opines that Defendant presents a low to low-moderate risk of re-offending.
 {¶ 23} "8. Over a period of approximately two years, Defendant had repeated sexual contact with his stepdaughter. The sexual conduct included penetration and oral sex performed by both the victim and Defendant. The sexual conduct occurred while Defendant claimed to have been having daily sexual relations with his wife.
 {¶ 24} "9. There was no evidence that Defendant physically threatened the victim or committed any acts of physical abuse beyond the sexual conduct.
 {¶ 25} "10. At his trial, Defendant denied that he had any sexual contact with the victim. In his 2003 interview with Dr. Fabian, Defendant admits that he did have sexual contact with the victim including receiving oral sex, but denies penetration or that he performed oral sex.
 {¶ 26} "11. Defendant informed Dr. Fabian that he told his stepdaughter that if she told her mother about the sexual conduct that defendant would have to go away and that bad things would happen to the family.
 {¶ 27} "12. While in prison, defendant has successfully completed programs for sexual offenders, stress management and alcoholism.
 {¶ 28} "13. A 1998 Ravenwood Mental Health Center assessment stated that Defendant was a high risk for repeated sexual offending. Dr. Fabian disagrees with that assessment."
 {¶ 29} Despite these findings, appellant's contentions on appeal maintain that the trial court's determination was not supported by clear and convincing evidence, as the trial court based its decision solely upon the underlying facts of appellant's convictions. We disagree.
 {¶ 30} In support of his contentions, appellant first argues that a statement made by the state, during the hearing, with respect to a correlation between appellant's age at the time of the offense and a higher rate of recidivism was merely speculative and, therefore, could not be considered by the trial court. Specifically, the state first noted that appellant was twenty-five years old when the inappropriate sexual contact began. The state proceeded to inform the court, "[i]t's my understanding that individuals who first offend at the age of 25 or younger are at a higher risk to reoffend."
 {¶ 31} At the outset, we note that appellant failed to issue an objection to the aforementioned statement. It is well-settled that a party's failure to object to an alleged error at the trial court level constitutes a waiver of this issue on appeal. Statev. Williams (1977), 51 Ohio St.2d 112. Therefore, appellant's failure to state an objection with respect to the state's reference to a correlation between the age of the offender at the time of the offense and a higher recidivism rate has waived this contention on appeal. This portion of appellant's assignments of error is not well-taken.
 {¶ 32} Nevertheless, even assuming appellant had offered a proper objection, an examination of the record fails to demonstrate that the court considered the state's assertion as the basis for its sexual predator adjudication.
 {¶ 33} Pursuant to R.C. 2950.09(B)(2), appellant's age is a relevant factor in determining the likelihood of recidivism. The court's judgment entry correctly notes that appellant was twenty-five years old when the first instance of inappropriate sexual conduct occurred. In addition, the judgment entry acknowledged that appellant was forty-two years old at the time of the hearing.
 {¶ 34} However, the court's judgment entry fails to conclude or indicate that appellant's age at the time of the offense was a factor weighing in favor of or against a sexual predator classification. To the contrary, the judgment entry merely recites appellant's age at the time of the offense and his age at the time of the hearing. Absent from the judgment entry is any indication that the court considered the state's unsupported reference to a higher recidivism rate for offenders at or under the age of twenty-five years old.
 {¶ 35} Moreover, the trial court's oral statements at the sexual predator hearing failed to draw such a conclusion. Instead, the court's oral statements placed emphasis on thevictim's age at the time of the offense. The court stated, "[a]mong the things that do stand out are the age of the victim. She was between 5 and 7. There is certainly distaste, but that distaste should have been paramount in [appellant's] mind to the extent that you just don't do it."
 {¶ 36} The record before us fails to demonstrate appellant's present contention that the court considered the state's assertion that appellant's age at the time of the offense indicated a higher rate of recidivism. For this additional reason, this portion of appellant's assignments of error is not well-taken.
 {¶ 37} Next, appellant maintains that the trial court's determination was erroneously predicated solely upon the October 10, 1998 sexual aggression assessment, which found appellant to be a high risk to re-offend, and failed to consider Dr. Fabian's August 10, 2003 assessment, which found appellant to be at a low to lowmoderate risk to re-offend.
 {¶ 38} An examination of the judgment entry clearly shows that the trial court considered Dr. Fabian's assessment prior to adjudicating appellant as a sexual predator. The judgment entry states, "[t]he Court has considered all of the factors contained within R.C. § 2950.09(B)(3), the record and transcript of the proceedings in this case, the evidence submitted, [and] thePsychological Evaluation performed by Dr. John MatthewFabian[.]" (Emphasis added.) Throughout the judgment entry, the court specifically refers to various assessments made by Dr. Fabian and the assessments' correlation to the factors of R.C.2950.09(B)(3).
 {¶ 39} Also, the judgment entry fails to corroborate appellant's claim that the court predicated its determination solely upon the 1998 sexual aggression assessment. To the contrary, the judgment entry merely noted, "[a] 1998 Ravenwood Mental Health Center assessment stated that Defendant was a high risk for repeated sexual offending. Dr. Fabian disagrees with that assessment." Absent is any evidence that the court's sexual predator classification was based solely upon the 1998 sexual aggression assessment.
 {¶ 40} That being said, "[i]t is within the discretion of the trial court to assess the significance of the psychological evaluation's findings, including its weight and credibility, and then consider the totality of the circumstances presented in the case." State v. Davis, 11th Dist. No. 2002-L-127, 2003-Ohio-6741, at ¶ 31. Although Dr. Fabian's assessment ultimately found that appellant posed a low to low-moderate risk of re-offending, the trial court was not bound by this conclusion and was permitted to weigh such a conclusion against the surrounding circumstances.
 {¶ 41} At the end of the hearing, the trial court stated that, while it respected Dr. Fabian's opinion, it found his conclusion to be somewhat questionable and proceeded to evaluate the results of his conclusion against the surrounding circumstances of the case. The court further acknowledged that appellant had successfully completed programs for sexual offenders prior to Dr. Fabian's assessment, but noted that the completion of such programs did not guarantee appellant would not re-offend.
 {¶ 42} The foregoing demonstrates that the court appropriately considered and weighed Dr. Fabian's assessment against the surrounding circumstances of the instant case and adjudicated appellant as a sexual predator. This, standing alone, fails to establish that the court's judgment was against the manifest weight of the evidence. Thus, this portion of appellant's assignments of error is not well-taken.
 {¶ 43} Finally, appellant generally argues that because the court's sexual predator classification was based solely upon the facts of the underlying conviction, such classification was against the manifest weight of the evidence. In support of this contention, appellant cites to the following two cases: (1)State v. Krueger (Dec. 19, 2000), 8th Dist. No. 76624, 2000 Ohio App. LEXIS 6022; and (2) State v. Cathcart, 3rd Dist. No. 17-02-20, 2002-Ohio-6593.
 {¶ 44} First, we note that this court has consistently held, "[t]o adjudicate a defendant as a sexual predator, the trial court need not find that a majority of [the factors under R.C.2950.09(B)(3)] support a [sexual predator adjudication]; rather, the defendant may be so adjudicated even if only one or two these factors are present, so long as the totality of the circumstances provides clear and convincing evidence that the defendant is likely to commit a sexually-oriented offense in the future."State v. Faehner, 11th Dist. No. 2001-L-212, 2002-Ohio-5148, at ¶ 9. See, also, Davis at ¶ 24; State v. Swank, 11th Dist. No. 98-L-049, 2002-Ohio-1337, 2002 Ohio App. LEXIS 1345, at 16.
 {¶ 45} Nevertheless, in Krueger, the Eighth Appellate District reversed and remanded the trial court's judgment which adjudicated the defendant as a sexual predator. The Krueger
court determined that the trial court's sexual predator classification was not proper, as the trial court relied exclusively upon a report generated fifteen years prior to the sexual predator hearing, which diagnosed the defendant as a pedophile, and evidence that was not in the record. Id. at 14-15. Thus, the court held that the defendant's sexual predator adjudication was improper, noting that "[i]f sexual predator status could be determined from the facts surrounding a single conviction, the statute would inappropriately be converted to `one strike and you're out.'" Id. at 7, quoting State v. Ward
(1999), 130 Ohio App.3d 551, 561.
 {¶ 46} The case at bar is distinguishable from Krueger.
Here, the court considered two recent assessments of appellant's likelihood to offend. Dr. Fabian's August 10, 2003 assessment diagnosed appellant both as being a pedophile and being alcohol dependent with physiological dependency. This assessment further informed the trial court that a sexual preference for children is one of the more reliable predictors for future sex offending.
 {¶ 47} Accordingly, unlike in Krueger, the trial court in the case sub judice had a recent clinical assessment diagnosing appellant as a pedophile. The assessment further provided the trial court with evidence that a pedophile represented a higher risk of recidivism, thereby supplying the court with recorded evidence to base its decision.
 {¶ 48} Furthermore, the foregoing establishes that the trial court's decision was predicated upon circumstances in addition to the underlying facts of appellant's conviction. Although the court's decision was, in part, based upon the underlying facts,[1] the court further evaluated the recent psychological assessments and appellant's persistent denial that he penetrated the victim or that he performed oral sex on the victim.
 {¶ 49} As mentioned previously, Dr. Fabian's assessment ultimately concluded that appellant posed a low to low-moderate risk of re-offending. However, the assessment also provided evidence regarding various factors which demonstrated appellant had a higher likelihood of recidivism. Namely, Dr. Fabian noted that, "[f]actors indicating elevated risk [of re-offending] in this case include access to children during the time of offending, alcohol dependence, [and] pedophilia indicating sexual deviance." The assessment made particular note of the fact that alcohol played a significant role in appellant's sexual offense. It further remarked that although appellant had completed an alcohol dependency program, he did so while incarcerated in a controlled environment where alcohol was not available. Thus, Dr. Fabian's assessment provided the trial court with recorded evidence supporting a sexual predator classification, which wasin addition to the underlying facts of appellant's conviction.
 {¶ 50} Similarly, in Cathcart, the Third Appellate District reversed and remanded the trial court's sexual predator classification based upon a record that did not support the court's findings in relation to the factors of R.C.2950.09(B)(3). Id. at ¶¶ 29-31. As the foregoing has demonstrated, the record before the trial court supported its findings with respect to the relevant factors. Thus, this portion of appellant's assignments of error is not well-taken.
 {¶ 51} Based upon the foregoing analysis, the trial court's findings in relation to the factors of R.C. 2950.09(B)(3) were supported by the record. Moreover, the court's consideration of these factors reinforces its conclusion that appellant posed a high risk of re-offending. Thus, the trial court's adjudication of appellant as a sexual predator was not against the manifest weight of the evidence, as there was clear and convincing evidence supporting such an adjudication.
 {¶ 52} Appellant's first and second assignments of error are without merit. We hereby affirm the judgment of the trial court.
Ford, P.J., O'Neill, J., concur.
[1]. The underlying facts included the following: (1) the age of the victim; (2) appellant's age at the time of the offense; (3) appellant's relationship to the victim; and (4) a demonstrated pattern of abuse.