OPINION
{¶ 1} Appellant, Michael D. Rabenold, timely appeals the sexual predator classification by the Lake County Court of Common Pleas following appellant's guilty pleas to one count of gross sexual imposition in violation of R.C. 2907.05(A)(5), a fourth-degree felony and one count of burglary in violation of R.C. 2911.12(A)(1), a second-degree felony. Appellant claims the trial court's sexual predator classification was not supported by clear and convincing evidence. For the reasons that follow, we affirm the classification.
 {¶ 2} Appellant's single assignment of error states:
 {¶ 3} "[1.] THE TRIAL COURT ERRED WHEN IT CLASSIFIED APPELLANT AS A SEXUAL PREDATOR."
 {¶ 4} In the early morning hours of June 27, 2005, the seventeen-year old victim awoke to appellant touching her leg under the blankets of her bed. Startled, the victim screamed and chased appellant as he ran, clad in only his boxers, one sock and a t-shirt, from her room. The victim's father awoke as well and chased appellant outside the residence where he detained him until the Perry Township police arrived.
 {¶ 5} Appellant admitted to the police that he had entered the residence with the intention of performing oral sex on the victim. Appellant and the victim attended the same local high school, however, they had never spoken prior to the incident. Appellant reported that he disrobed in the driveway prior to entering the residence.
 {¶ 6} Appellant was originally charged with attempted rape and burglary. Appellant initially pleaded not guilty. However, on February 8, 2006, appellant pleaded guilty to a reduced charge of gross sexual imposition and to the offense of burglary as charged. The trial court ordered a pre-sentence investigation and report be prepared and referred the case for a sexual predator evaluation.
 {¶ 7} On March 24, 2006, a hearing was held to determine whether appellant should be adjudicated a sexual predator in accordance with R.C. 2950.01 and 2950.09. Appellant was also sentenced on this date, following the sexual predator classification. During the classification portion of the hearing, the state presented the report and evaluation of Dr. Jeffrey Rindsberg. The report was admitted without objection. Appellant failed to present any evidence, but did present oral argument to the court lobbying against the sexual predator classification.
 {¶ 8} Appellant claims that the trial court erred in its sexual predator classification because "no sexual act" occurred. We do not agree. Appellant pleaded guilty to gross sexual imposition defined by statute as having sexual contact with another. R.C. 2907.05(A). By definition, appellant conceded he had sexual contact with the victim through his guilty plea to the offense. The record is clear that appellant was aware of the nature of the offense to which he pleaded guilty.
 {¶ 9} Appellant also claims that the state failed to meet its burden of proving by clear and convincing evidence that appellant should be labeled a sexual predator. According to R.C. 2950.01(E)(1), a sexual predator is one who "* * * has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant's guilty plea to gross sexual imposition meets the first prong of this test. Therefore, the only remaining issue is whether the state proved by the proper standard that appellant "is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01.
 {¶ 10} "A trial court's sexual predator classification will not be reversed by an appellate court unless the manifest weight of the evidence fails to support the trial court's decision." State v.Grandbouche, 11th Dist. No. 2003-G-2543, 2004-Ohio-6940, at ¶ 12. In reviewing sexual predator determinations, an appellate court must review the entire record and determine whether the classification was against the manifest weight of the evidence. State v. Yodice, 11th Dist. No. 2001-L-155, 2002-Ohio-7344, at ¶ 11. In order to classify appellant as a sexual predator, the state had to prove by clear and convincing evidence that appellant was likely to offend again. R.C. 2950.09(B)(4); see, also, State v. Eppinger (2001), 91 Ohio St.3d 158, 163. "Clear and convincing evidence has been defined as `the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved. It is * * * more than a preponderance of the evidence and less than evidence beyond a reasonable doubt.'"Yodice, supra, at ¶ 13, quoting State v. Ingram (1992),82 Ohio App.3d 341, 346.
 {¶ 11} The state relied solely on the report of Dr. Rindsberg, a licensed clinical psychologist, in support of its request for a sexual predator classification. The report recommended appellant be classified a sexual predator. The report detailed appellant's performance on the Static 99 test. The Static 99 test determines the actuarial risk for sexual recidivism. Appellant scored a 4 on this test, which corresponds to a moderate to high rate of risk of recidivism. The report also analyzed appellant's risk of offending again based on eight predicting characteristics. Appellant qualified as a high risk for all the predictors except two.
 {¶ 12} Dr. Rindsberg also analyzed appellant's recidivism risk under the factors listed in R.C. 2950.09(3), the same factors required to be analyzed by the trial court prior to its classification. According to Dr. Rindsberg, after analyzing all the factors, appellant had a high risk of recidivism and recommended the sexual predator classification. Dr. Rindsberg noted the following as contributing factors to this determination: appellant's misdemeanor voyeurism conviction approximately six months prior to the underlying offense, appellant's mental illness and dependence on marijuana, and appellant's expression of his intent to perform cunnilingus on the victim had she not awoke.
 {¶ 13} R.C. 2950.09(B)(3) sets forth specific factors to be considered by a trial court prior to making the determination that an offender is a sexual predator. Specifically, R.C. 2950.09(B)(3) states: "* * * the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 14} "(a) The offender's * * * age;
 {¶ 15} "(b) The offender's * * * prior criminal record * * * regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 16} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 17} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 18} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 19} "(f) If the offender * * * previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 20} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 21} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 22} "(i) Whether the offender * * * during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 23} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 24} It is not necessary for a trial court to find all the afore mentioned factors apply to an offender, or even a majority of the factors, prior to the classification as a sexual predator. State v.Swank (Dec. 21, 2001), 11th Dist. No. 98-L-049, 2001 Ohio App. LEXIS 5846, 16, see, also, Yodice, supra, at ¶ 13. "* * * [T]he defendant may be so adjudicated even if only one or two of these factors are present, so long as the totality of the circumstances provides clear and convincing evidence that the defendant is likely to commit a sexually-oriented offense in the future." Id.
 {¶ 25} The court applied the R.C. 2950.09(B)(3) factors to the underlying case and found the following factors weighed in favor of the sexual predator classification: appellant's age, appellant's prior criminal record, appellant's mental illness. In addition, pursuant to R.C. 2950.09(B)(3)(h), the court noted the following: "[t]he facts in this case, however, do show the Defendant entered, broke into the * * * victim's home in the middle of the night for the purpose of engaging in sexual contact or conduct with the victim in this offense. It was an acquaintance of his. They didn't really know each other except for the fact they went to school together. * * * I think acquaintance is even too much of a word to describe the relationship. They knew who each other were just from being in school and seeing each other, but despite that, he went into the home in the middle of the night, removed part of his clothes, getting down to his boxer shorts, T-shirt, went up to her bedroom and began touching her leg. His intent was to go further than that until she woke up and screamed."
 {¶ 26} The court also noted additional factors under R.C.2950.09(B)(3)(j) such as appellant's marital status, the prior sex-related offense and "* * * that he is considered to have deviant sexual preference[s]; sexual deviancy, as well as paraphilic interests, sexual preoccupation; also displays anti-social traits which increases the likelihood of re-offending." In addition, the court discussed the impact of stress on appellant's decision-making process as a result of his mental illness as well as his dependence on marijuana as being a factor which negatively impacted his decision-making skills.
 {¶ 27} The court also considered appellant's arguments against the classification, but found they were outweighed by the public interest. "Now, I understand being labeled a sexual predator may be a burden on the Defendant because of his young age, the Defense may consider it not to be fair, but there is another consideration here and that's to protect the community. * * * He may be young, but he showed within that young period of time, * * * six-month period of time, he has committed two sex related offenses. He certainly progressed from maybe Voyeurism not being dangerous, to something very serious." The trial court went on to declare appellant a sexual predator.
 {¶ 28} Appellant has failed to demonstrate this classification was not supported by clear and convincing evidence. Rather, a review of the record supports the classification. Dr. Rindsberg's report clearly recommended the classification based on psychological testing and social factors which indicated a high rate for recidivism. Appellant's young age, the prior conviction for voyeurism, the confession of appellant's intentions that night, the time span between appellant's voyeurism conviction and the underlying offense, the mental health issues, the drug abuse: these are all factors that weighed heavily in favor of the sexual predator classification. We cannot conclude that the trial court lost its way in classifying appellant a sexual predator.
 {¶ 29} Appellant's sole assignment of error is without merit.
 {¶ 30} For the reasons stated in the Opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, J.,
COLLEEN MARY O'TOOLE, J.,
concur.