OPINION
{¶ 1} Appellant, Bounnhune Bounthisavath, appeals from the April 27, 2005 judgment of the Lake County Court of Common Pleas classifying him as a sexual predator, and sentencing him to more than minimum terms of imprisonment for rape and attempted rape. We affirm the finding that Mr. Bounthisavath is a sexual predator, but vacate the sentences and remand for resentencing.
 {¶ 2} In July, 2004, Adam Oudomlith informed his pastor that a family friend, Bounnhune Bounthisavath, then aged forty-two, had molested him repeatedly from the time he was seven, in 1993, until 2002.[1] The pastor reported the information to the Madison Township Police. September 1, 2004, Adam told his father, Ounkham, that he was going to file charges against Mr. Bounthisavath. Ounkham confronted Mr. Bounthisavath with his son's allegations. Ounkham then asked his pastor to meet with him and Mr. Bounthisavath. At this meeting, Mr. Bounthisavath admitted the substance of Adam's charges. Ounkham, Adam, Mr. Bounthisavath, and the latter's wife, Phetsamone, went together to the Madison Township police station so Mr. Bounthisavath could confess.
 {¶ 3} In his confession, Mr. Bounthisavath admitted to molesting Adam from the time Adam was nine or ten (and he was thirty-three), until about 2002. He admitted to performing oral sex on Adam, playing with his genitals, and masturbating in his presence, though he denied that these events occurred with the extreme frequency alleged by Adam. He later told the court-appointed psychologist, Dr. Jeffrey Rindsberg, that he had been molested as a boy in Laos, and had not realized at first that it was wrong.
 {¶ 4} By an indictment filed November 12, 2004, Mr. Bounthisavath was charged with eight counts of rape, a first degree felony, in violation of R.C. 2907.02(A)(1)(b), and four counts of unlawful sexual conduct with a minor, a third degree felony, in violation of R.C. 2907.04(A). January 13, 2005, he entered a written plea of guilty to count three, rape, and to the lesser included offense of attempted rape, a second degree felony. R.C. 2907.02(A)(1)(b); R.C. 2923.02. The trial court deferred the sexual offender classification hearing, R.C.2950.09, and sentencing, until completion of a presentence report, victim impact statement, and psychiatric evaluation.
 {¶ 5} Hearing for both the sexual offender classification and sentencing was held April 14, 2005. By a judgment entry filed April 27, 2005, the trial court found Mr. Bounthisavath to be a sexual predator, and sentenced him to nine years for rape, and seven years for attempted rape, the sentences to run concurrently. Mr. Bounthisavath timely appealed, making the following assignments of error:
 {¶ 6} "[1.] The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence.
 {¶ 7} "[2.] The trial court erred to the prejudice of the defendant-appellant in ordering more than the minimum term of imprisonment when the requisite findings under the applicable sentencing statutes were not supported by the facts.
 {¶ 8} "[3.] The trial court erred when it sentenced the defendant-appellant to more than the `statutory maximum' sentence based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 9} By his first assignment of error, Mr. Bounthisavath attacks the trial court's adjudication that he is a sexual predator. He argues that he does not meet the balance of the factors set forth at R.C. 2950.09(B)(3) which a trial court must consider when making such adjudication. He also argues that the court-appointed psychologist, Dr. Rindsberg, reported that he was a "low-moderate" risk of re-offending, and should be classified as a "sexually oriented" offender. In support of his second argument, Mr. Bounthisavath cites to the decision of the Ohio Supreme Court in State v. Eppinger (2001), 91 Ohio St.3d 158,163, 2001-Ohio-247, where the Court noted that a psychological or psychiatric evaluation "may be the best tool available" in making a sexual offender classification.
 {¶ 10} "* * * [I]n order for [an] offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses." (Emphasis sic.) Eppinger at 163. In this case, Mr. Bounthisavath plead guilty to rape and attempted rape; there is no question that he has been convicted of sexually oriented offenses, thus meeting the first prong of the test. Rather, his challenge is that the state did not prove by clear and convincing evidence he is likely to repeat his offense.
 {¶ 11} At the outset, we note that the appellate districts of Ohio disagree regarding which standard of review applies when considering a manifest weight challenge to a sexual predator classification. The Ohio Supreme Court determined in State v.Cook (1998), 83 Ohio St.3d 404, 417, that the purpose of R.C. Chapter 2950 is remedial, not punitive, and that the Rules of Evidence may be relaxed. Id. at 425. On these bases, certain appellate courts have determined that the sexual offender classification hearing is civil in nature, and that the civil manifest weight standard of review set forth in C.E. Morris Co.v. Foley Construction Co. (1978), 54 Ohio St.2d 279, at the syllabus, applies. State v. Hunter (2001), 144 Ohio App.3d 116,121, (First Appellate District); see, also, State v. Hamilton,
3d Dist. No. 14-3-14, 2003-Ohio-5137, at ¶ 13, fn. 8 (collecting cases). Other appellate districts have utilized the criminal manifest weight standard set forth at State v. Thompkins
(1997), 78 Ohio St.3d 380, 386-388. Hamilton at ¶ 13, fn. 9 (collecting cases). This court has applied both standards. Statev. Grandbouche, 11th Dist. No. 2003-G-2543, 2004-Ohio-6940, at ¶ 11 (civil standard applied); State v. Anthony, 11th Dist. No. 2004-L-104, 2005-Ohio-5610, at ¶ 12 (criminal standard applied);State v. Flores, 11th Dist. No. 2004-L-030, 2005-Ohio-5277, at ¶ 27 (criminal standard applied); State v. Dama (Dec. 21, 2001), 11th Dist No. 2000-T-0086, 2001 Ohio App. LEXIS 5836, at 5 (criminal standard applied).
 {¶ 12} For reasons articulated by the court in State v.Morrison (Sept. 20, 2001), 10th Dist. No. 01AP-66, 2001 Ohio App. LEXIS 4236, at 9-13, we will apply the criminal standard of review in examining Mr. Bounthisavath's manifest weight challenge to his sexual predator classification. As the Tenth Appellate District pointed out, while a sexual offender classification hearing is, essentially, civil, it arises from an "inherently criminal context." Id. at 11. We agree that in such proceedings, absent direction from the state's supreme judicial authority, courts should be "reluctant to abandon * * * the due process notions and concomitant procedural safeguards inherent in criminal proceedings." Id. at 9.
 {¶ 13} Under the criminal standard, when reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new hearing must be ordered. Statev. Martin (1983), 20 Ohio App.3d 172, 175. See, also,Thompkins at 387.
 {¶ 14} The role of the appellate court is to engage in a limited weighing of the evidence introduced at the hearing in order to determine whether the state appropriately carried its burden of persuasion. Thompkins at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of witnesses. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Further, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict.Warren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at 8.
 {¶ 15} In determining the second prong of the sexual predator test, the trial court is required to consider a nonexclusive list of ten factors, set forth at R.C. 2950.09(B)(3), including:
 {¶ 16} "(a) The offender's * * * age;
 {¶ 17} "(b) The offender's * * * prior criminal * * * record * * *;
 {¶ 18} "(c) The age of the victim * * *;
 {¶ 19} "(d) Whether the sexually oriented offense * * * involved multiple victims;
 {¶ 20} "(e) Whether the offender * * * used drugs or alcohol to impair the victim * * *;
 {¶ 21} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed * * * and, if the prior offnse * * * was a sex offense or sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 22} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 23} "(h) The nature of the offender's * * * sexual conduct * * * with the victim * * * and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 {¶ 24} "(i) Whether the offender * * * displayed cruelty or made one or more threats of cruelty;
 {¶ 25} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 26} As noted above, Mr. Bounthisavath contends that virtually none of the R.C. 2950.09(B)(3)(a)-(j) factors apply to him, thus exempting him from classification as a sexual predator. This is untrue. Both at hearing, and in its judgment entry, the trial court conducted a thorough and fair analysis of the requisite factors. It found that six of the ten factors were inapplicable or told in Mr. Bounthisavath's favor.[2] It found that four told against him.
 {¶ 27} First, pursuant to R.C. 2950.09(B)(3)(c) the trial court noted that the age of the victim indicated a higher risk that Mr. Bounthisavath would re-offend. Adam was only seven to ten years old when the abuse commenced. This court has previously found that molestation of a child is one of the most important factors in finding an offender to be a sexual predator. Flores
at ¶ 38-39.
 {¶ 28} Second, pursuant to R.C. 2590.09(B)(3)(g), the trial court found that Mr. Bounthisavath suffered from a mental illness or disability — i.e., pedophilia, with a preference for victimizing males — which increased his chance of recidivism. This comported with the report of Dr. Rindsberg, the psychologist who evaluated Mr. Bounthisavath.
 {¶ 29} Third, pursuant to R.C. 2590.09(B)(3)(h), the trial court found that Mr. Bounthisavath's molestation of Adam formed part of a pattern of abuse. This conclusion seems unavoidable. Accepting Mr. Bounthisavath's version of events, the molestation occurred on a fairly regular basis from the time Adam was ten, until he was sixteen or seventeen. Accepting Adam's version, it occurred innumerable times commencing when he was only seven.
 {¶ 30} Fourth, pursuant to R.C. 2950.09(B)(3)(j), the trial court noted other factors tending to show a likelihood of recidivism on Mr. Bounthisavath's part. These included factors noted by Dr. Rindsberg as worrisome, such as Mr. Bounthisavath's initial belief that his activities were not wrong, and his molestation of an unrelated male. They included the very lengthy period during which the abuse occurred, and Mr. Bounthisavath's intimate relationship with Adam as a close family friend.
 {¶ 31} This court has previously held that a showing by clear and convincing evidence of one of the R.C. 2590.09(B)(3) factors may be sufficient to uphold an offender's classification as a sexual predator. State v. Pierce, 11th Dist. No. 2002-L1-32, 2003-Ohio-5864, at ¶ 11; accord Flores at ¶ 24. The trial court found four such factors to exist, each supported by evidence easily surpassing the requisite standard.
 {¶ 32} Mr. Bounthisavath's contention that the trial court was required to defer to Dr. Rindsberg's recommendation that he be classified as a "sexually oriented offender" fails as well. This court has previously held that, in sexual offender classification proceedings, it is within the trial court's discretion to assess the significance, weight, and credibility of a psychological evaluation, in considering the totality of the circumstances presented. State v. Davis, 11th Dist. No. 2002-L-127, 2003-Ohio-6741, at ¶ 31; accord Grandbouche at ¶ 40. The trial court clearly considered Dr. Rindsberg's evaluation, particularly his cautions that Mr. Bounthisavath's delayed recognition of the wrongness of his actions, pedophilia, and attraction to unrelated males signaled a potential for recidivism.
 {¶ 33} In sum, the trial court's classification of Mr. Bounthisavath as a sexual predator is not against the manifest weight of the evidence. The first assignment of error is without merit.
 {¶ 34} By his second and third assignments of error, Mr. Bounthisavath makes statutory and constitutional attacks upon his more than minimum sentences for rape and attempted rape. In sentencing Bounthisavath, the trial court relied upon judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, Bounthisavath's assignments of error are with merit.
 {¶ 35} Bounthisavath's sentences in this case are impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court held that R.C. 2929.14(B) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey
(2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296.
 {¶ 36} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B). After severance, judicial factfinding is not required before imposing a sentence within the basic ranges authorized by R.C. 2929.14(A) based on a jury verdict or admission of the defendant. Foster at paragraph two of the syllabus.
 {¶ 37} Since Foster was released while this case was pending on direct review, Mr. Bounthisavath's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing more than minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 38} The judgment of the Lake County Court of Common Pleas is affirmed in part. Mr. Bounthisavath's sentences are vacated. This matter is remanded for resentencing and for proceedings consistent with this opinion pursuant to Foster.
Donald R. Ford, P.J., Cynthia Westcott Rice, J., concur.
[1] The principals in this tragedy are Laotian immigrants.
[2] These are the factors listed at R.C. 2950.09(B)(3)(a), (b), (d), (e), (f), and (i).