OPINION
{¶ 1} Brian Clingerman appeals from the judgment of the Trumbull County Court of Common Pleas, adjudicating him a sexual predator. We affirm.
 {¶ 2} July 6, 1995, Mr. Clingerman was indicted by the Trumbull County Grand Jury on six felony counts. All the charges stemmed from two incidents, occurring August 20, 1994, and January 18, 1995, where Mr. Clingerman broke into homes and *Page 2 
brutally raped two women as they slept. By a written plea filed March 14, 1996, Mr. Clingerman pled guilty to an amended indictment, charging him with two counts of aggravated rape, first degree felonies in violation of R.C. 2907.02(A)(2), the remaining counts being nolled. The trial court sentenced Mr. Clingerman to indeterminate terms of six to twenty-five years on each count, with consecutive terms of six years actual incarceration on each.
 {¶ 3} While serving his prison term, the Ohio Department of Corrections notified the trial court of its recommendation Mr. Clingerman be classified as a sexual predator, pursuant to R.C. Chapter 2950. October 28, 2003, and November 25, 2003, the trial court conducted a sexual offender classification hearing. By a judgment entry filed May 10, 2004, that court determined Mr. Clingerman should be classified a sexual predator.
 {¶ 4} Mr. Clingerman timely appealed. September 30, 2005, we reversed the trial court's finding, as it was based on the "possibility" Mr. Clingerman would re-offend. State v. Clingerman, 11th Dist. No. 2004-T-0054, 2005-Ohio-5282, at ¶ 18-19, 26. Sexual predator classification requires a finding by clear and convincing evidence that an offender is likely to commit another sexually oriented crime: we determined, as a matter of law, that the trial court's use of the term "possibility" did not fulfill this standard. Id. at ¶ 19. We remanded for a new classification hearing. Id. at ¶ 26.
 {¶ 5} February 7, 2006, a second hearing was held before the trial court. March 1, 2006, the trial court filed a second judgment entry adjudicating Mr. Clingerman a sexual predator. March 3, 2006 Mr. Clingerman noticed this appeal, assigning a single error: *Page 3 
 {¶ 6} "The trial court's adjudication of appellant as a sexual predator is against the manifest weight of the evidence."
 {¶ 7} For an offender to be designated a sexual predator requires proof by clear and convincing evidence of two elements: (1) that the offender has been convicted of a sexually oriented offense; and (2) that the offender is likely to engage in one or more future sexually oriented offenses. State v. Bounthisavath, 11th Dist. No. 2005-L-080,2006-Ohio-2777, at ¶ 10. "Clear and convincing evidence" is "* * * the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved. It is an intermediate standard * * * being more than a preponderance of the evidence and less than evidence beyond a reasonable doubt." State v.Ingram (1992), 82 Ohio App.3d 341, 346. Mr. Clingerman contends the state failed to carry its burden on the second element.
 {¶ 8} We apply the criminal standard of review when considering manifest weight challenges to a sexual predator classification.Bounthisavath at ¶ 12. Under this standard, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new hearing must be ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 9} The role of the appellate court is to engage in a limited weighing of the evidence introduced at the hearing in order to determine whether the state appropriately carried its burden of persuasion.Thompkins at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact regarding the weight *Page 4 
to be given the evidence and credibility of witnesses. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Further, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the judgment or verdict. Warren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at 8.
 {¶ 10} In determining the second prong of the sexual predator test, the trial court is required to consider a nonexclusive list of ten factors, set forth at R.C. 2950.09(B)(3), including:
 {¶ 11} "(a) The offender's * * * age;
 {¶ 12} "(b) The offender's * * * prior criminal * * * record * * *;
 {¶ 13} "(c) The age of the victim * * *;
 {¶ 14} "(d) Whether the sexually oriented offense * * * involved multiple victims;
 {¶ 15} "(e) Whether the offender * * * used drugs or alcohol to impair the victim * * *;
 {¶ 16} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed * * * and, if the prior offense * * * was a sex offense or sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 17} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 18} "(h) The nature of the offender's * * * sexual conduct * * * with the victim * * * and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 {¶ 19} "(i) Whether the offender * * * displayed cruelty or made one or more threats of cruelty; *Page 5 
 {¶ 20} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 21} Mr. Clingerman contends that the trial court, in making its classification, merely relied on the facts underlying his offenses, rather than determining, by clear and convincing evidence, his likelihood of re-offending sexually. He argues that the trial court's analysis of the R.C. 2950.09(B)(3) factors is insufficient to indicate a propensity to recidivism.
 {¶ 22} We disagree.
 {¶ 23} This court has held that a showing by clear and convincing evidence of one of the R.C. 2950.09(B)(3) factors may be sufficient to uphold an offender's classification as a sexual predator.Bounthisavath at 31. The trial court's judgment entry establishes it made a full analysis of the statutory factors, and classified Mr. Clingerman a sexual predator on multiple factors, each supported by clear and convincing evidence, with which the record is replete.
 {¶ 24} Pursuant to R.C. 2950.09(B)(3)(b), the trial court noted Mr. Clingerman's extensive criminal record, escalating from the time he was fourteen years old, until the time he committed the subject rapes, when he was twenty-three and twenty-four. Mr. Clingerman observes that none of his prior crimes were sexually oriented. This is irrelevant. He committed two appallingly violent rapes within a five month span in 1994 to 1995.
 {¶ 25} Pursuant to R.C. 2950.09(B)(3)(d), the trial court found Mr. Clingerman's sexually oriented offenses involved multiple victims. *Page 6 
 {¶ 26} Pursuant to R.C. 2950.09(B)(3)(h), the trial court found that Mr. Clingerman's nocturnal invasions of his victims' homes, while they slept, and violent sexual behavior with them, constituted a pattern of abuse.
 {¶ 27} Pursuant to R.C. 2950.09(B)(3)(i), the trial court found that Mr. Clingerman's hitting, beating, biting, and strangling of his victims, and threats, displayed cruelty.
 {¶ 28} Pursuant to R.C. 2950.09(B)(3)(j), the trial court found, based on Mr. Clingerman's updated HB 180 packet, that he had only made marginal adjustments to prison.
 {¶ 29} There is no hint the trial court lost its way in finding Mr. Clingerman to be a sexual predator. The assignment of error is without merit.
 {¶ 30} We note that our decision to apply the criminal standard of review in considering this manifest weight challenge to a sexual predator adjudication conflicts with the judgment of the First Appellate District, in State v. Hunter (2001), 144 Ohio App.3d 116, 121, wherein the civil standard of review was applied to such proceedings. Consequently, we certify the following question to the Supreme Court of Ohio, pursuant to Section 3(B)(4), Article IV of the Ohio Constitution: "Whether the civil standard of review set forth in CE. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, at the syllabus, or the criminal standard of review set forth in State v. Thompkins (1997),78 Ohio St.3d 380, 387, applies when considering challenges to the manifest weight of the *Page 7 
evidence in sexual predator adjudications?"
 {¶ 31} The judgment of the Trumbull County Court of Common Pleas is affirmed.
 WILLIAM M. O'NEILL, J., MARY JANE TRAPP, J., concur. *Page 1