OPINION
{¶ 1} May 14, 2007, this court filed its decision in State v.Clingerman, 11th Dist. No. 2006-T-0031, 2007-Ohio-2300. Mr. Clingerman had appealed from the judgment of the Trumbull County Court of Common Pleas, adjudicating him a sexual predator. Id. at ¶ 1. In affirming the judgment of the trial court, we applied the criminal manifest-weight-of-the-evidence standard. Id. at ¶ 8. Thereafter we certified our decision to apply the criminal manifest-weight standard as being in conflict with the decision of the First *Page 2 
Appellate District in State v. Hunter (2001), 144 Ohio App.3d 116. October 11, 2007, the Supreme Court of Ohio reversed our judgment, and remanded the case for application of the civil manifest-weight-of-the-evidence-standard, on the authority of State v.Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202. State v. Clingerman,115 Ohio St.3d 374, 2007-Ohio-5236.
 {¶ 2} July 6, 1995, Mr. Clingerman was indicted by the Trumbull County Grand Jury on six felony counts. All the charges stemmed from two incidents, occurring August 20, 1994, and January 18, 1995, where Mr. Clingerman broke into homes and brutally raped two women as they slept. By a written plea filed March 14, 1996, Mr. Clingerman pled guilty to an amended indictment, charging him with two counts of aggravated rape, first degree felonies in violation of R.C. 2907.02(A)(2), the remaining counts being nolled. The trial court sentenced Mr. Clingerman to indeterminate terms of six to twenty-five years on each count, with consecutive terms of six years actual incarceration on each.
 {¶ 3} While serving his prison term, the Ohio Department of Corrections notified the trial court of its recommendation Mr. Clingerman be classified as a sexual predator, pursuant to R.C. Chapter 2950. October 28, 2003, and November 25, 2003, the trial court conducted a sexual-offender-classification hearing. By a judgment entry filed May 10, 2004, that court determined Mr. Clingerman should be classified a sexual predator.
 {¶ 4} Mr. Clingerman timely appealed. September 30, 2005, we reversed the trial court's finding, as it was based on the "possibility" Mr. Clingerman would re-offend. State v. Clingerman, 11th Dist. No. 2004-T-0054, 2005-Ohio-5282, at ¶ 18-19, 26. Adjudication as a sexual predator requires a finding by clear and convincing evidence *Page 3 
that an offender is likely to commit another sexually oriented crime: we determined, as a matter of law, that the trial court's use of the term "possibility" did not fulfill this standard. Id. at ¶ 19. We remanded for a new classification hearing. Id. at ¶ 26.
 {¶ 5} February 7, 2006, a second hearing was held before the trial court. March 1, 2006, the trial court filed a second judgment entry adjudicating Mr. Clingerman a sexual predator. March 3, 2006, Mr. Clingerman noticed this appeal, assigning a single error:
 {¶ 6} "The trial court's adjudication of appellant as a sexual predator is against the manifest weight of the evidence."
 {¶ 7} For an offender to be designated a sexual predator requires proof by clear and convincing evidence of two elements: (1) that the offender has been convicted of a sexually oriented offense; and, (2) that the offender is likely to engage in one or more future sexually oriented offenses. State v. Bounthisavath, 11th Dist. No. 2005-L-080,2006-Ohio-2777, at ¶ 10. "Clear and convincing evidence" is "* * * the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved. It is an intermediate standard * * * being more than a preponderance of the evidence and less than evidence beyond a reasonable doubt." State v.Ingram (1992), 82 Ohio App.3d 341, 346. Mr. Clingerman contends the state failed to carry its burden on the second element.
 {¶ 8} We apply the civil manifest-weight-of-the-evidence standard.Wilson, at the syllabus.
 {¶ 9} "* * * [T]he civil manifest-weight-of-the-evidence standard was explained in C.E. Morris Co. v. Foley Constr. Co., 54 Ohio St.2d 279
* * *, syllabus (`Judgments *Page 4 
supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence'). We have also recognized when reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct. Seasons CoalCo., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80-81 * * *. This presumption arises because the trial judge had an opportunity `to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' Id at 80 * * *. `A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not.' Id. at 81 * * *." Wilson at ¶ 24.
 {¶ 10} Application of the foregoing standard of review to this case clearly reveals the trial court's decision to classify Mr. Clingerman a sexual predator was not against the manifest-weight-of-the-evidence.
 {¶ 11} In determining the second prong of the sexual predator test, the trial court is required to consider a nonexclusive list of ten factors, set forth at R.C. 2950.09(B)(3), including:
 {¶ 12} "(a) The offender's * * * age;
 {¶ 13} "(b) The offender's * * * prior criminal * * * record * * *;
 {¶ 14} "(c) The age of the victim * * *;
 {¶ 15} "(d) Whether the sexually oriented offense * * * involved multiple victims; *Page 5 
 {¶ 16} "(e) Whether the offender * * * used drugs or alcohol to impair the victim * * *;
 {¶ 17} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * ** a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed * * * and, if the prior offense * * * was a sex offense or sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 18} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 19} "(h) The nature of the offender's * * * sexual conduct * * * with the victim * * * and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 {¶ 20} "(i) Whether the offender * * * displayed cruelty or made one or more threats of cruelty;
 {¶ 21} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 22} Mr. Clingerman contends that the trial court, in making its classification, merely relied on the facts underlying his offenses, rather than determining, by clear and convincing evidence, his likelihood re-offending sexually. He argues the trial court's analysis of the R.C. 2950.09(B)(3) factors is insufficient to indicate a propensity to recidivism.
 {¶ 23} This court has held that a showing by clear and convincing evidence of one of the R.C. 2950.09(B)(3) factors may be sufficient to uphold an offender's classification as a sexual predator.Bounthisavath at ¶ 31. The trial court's judgment entry establishes it made a full analysis of the statutory factors, and classified Mr. *Page 6 
Clingerman a sexual predator based on multiple factors, each supported by clear and convincing evidence, with which the record is replete.
 {¶ 24} Pursuant to R.C. 2950.09(B)(3)(b), the trial court noted Mr. Clingerman's extensive criminal record, escalating from the time he was fourteen years old, until the time he committed the subject rapes, when he was twenty-three and twenty-four. Mr. Clingerman observes that none of his prior crimes were sexually oriented. This is irrelevant. He committed two appallingly violent rapes within a five month span in 1994 to 1995.
 {¶ 25} Pursuant to R.C. 2950.09(B)(3)(d), the trial court found Mr. Clingerman's sexually oriented offenses involved multiple victims.
 {¶ 26} Pursuant to R.C. 2950.09(B)(3)(h), the trial court found that Mr. Clingerman's nocturnal invasions of his victims' homes, while they slept, and violent sexual behavior with them, constituted a pattern of abuse.
 {¶ 27} Pursuant to R.C. 2950.09(B)(3)(i), the trial court found that Mr. Clingerman's hitting, beating, biting, and strangling of his victims, and threats, displayed cruelty.
 {¶ 28} Pursuant to R.C. 2950.09(B)(3)(j), the trial court found, based on Mr. Clingerman's updated HB 180 packet, that he had only made marginal adjustments to prison.
 {¶ 29} Each element of the trial court's judgment is supported by competent, *Page 7 
credible evidence. The assignment of error is without merit.
 {¶ 30} The judgment of the Trumbull County Court of Common Pleas is affirmed.
 MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1