DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant to be a sexual predator as set forth in R.C. 2950.01(E). For the following reasons, the decision of the trial court is affirmed.
 {¶ 2} Appointed counsel Stephen Long has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In his brief filed on appellant's *Page 2 
behalf, appointed counsel sets forth three proposed assignments of error. In support of his request to withdraw, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues.
 {¶ 3} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. InAnders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant responded to counsel's request to withdraw by filing a pro se brief. Appellant sets forth arguments in support of two separate proposed assignments of error, asserting that he was denied *Page 3 
effective assistance of counsel and that the trial court's finding that he is a sexual predator is against the manifest weight of the evidence.
 {¶ 5} Accordingly, this court shall proceed with an examination of the potential assignments of error proposed by appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 6} The facts relevant to the issues raised on appeal are as follows. In January 1993, appellant entered a guilty plea to one count of murder in violation of R.C. 2903.02. As part of a plea agreement, the state entered a nolle prosequi on two counts of felonious assault. After advising appellant and inquiring of him as required by Crim.R. 11, the trial court accepted his guilty plea. The trial court imposed an indefinite sentence of 15 years to life and granted a nolle prosequi as to the felonious assault counts.
 {¶ 7} On May 30, 2006, the trial court issued an order finding that appellant was subject to sex offender classification pursuant to R.C. 2950 and set the matter for hearing. The trial court ordered the preparation of an institutional summary, a sexual offender risk reduction report and all other information regarding appellant's institutional adjustment, prior to hearing. The trial court appointed counsel for appellant and referred him to the Court Diagnostic and Treatment Center for an evaluation pursuant to R.C. 2950. Appellant then filed a "Motion to Dismiss Sexual Classification," arguing that there was no sexual motivation specification in the underlying charge and that it had not been established that the offense was committed with sexual motivation. When the matter was called for hearing on September 28, 2006, appellant withdrew his motion to dismiss. The *Page 4 
trial court proceeded with the classification hearing and received the following into evidence: the transcript of a confession appellant made during a police interview after his arrest for the murder; the transcript from appellant's 1993 plea and sentencing hearing; the presentence investigation report prepared for the 1993 hearing; the 1993 report from the Court Diagnostic and Treatment Center; a report prepared by a clinical psychologist who evaluated appellant in 1992, and a 2006 report prepared by a psychologist with the Court Diagnostic and Treatment Center. In response to the court's inquiry, appellant's counsel stated there was no objection to the admission of any of the exhibits. The trial court then found that appellant had committed murder with sexual motivation and that there was clear and convincing evidence that appellant was a sexual predator as defined by R.C. 2950.01(E).
 {¶ 8} In his pro se brief, appellant first asserts that he was denied effective assistance of counsel at his classification hearing. Appellant appears to argue that counsel should have objected to the admission of the various reports as set forth above. Appellant claims that counsel failed to require the state to prove by clear and convincing evidence that he had been convicted of a sexually oriented offense.
 {¶ 9} To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied upon has having produced a just result. The standard requires appellant to satisfy a two-prong test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, *Page 5 
appellant must show a reasonable probability that, but for counsel's perceived errors, the results of the proceeding would have been different. Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin (1988),37 Ohio St.3d 153.
 {¶ 10} This court has carefully reviewed all portions of the record of proceedings in this case that are relevant to appellant's classification hearing. We find no evidence that counsel's representation fell below an objective standard of reasonableness. There would have been no reason for counsel to object to the admission of the reports, all of which except for the one prepared in 2006 had been reviewed by the trial court at the time of appellant's original plea. Further, counsel did not fail to require the state to meet its burden of proof. The record reflects that the state met its burden of proof by way of the evidence summarized above. Accordingly, appellant's first proposed assignment of error is not well-taken.
 {¶ 11} In his second proposed assignment of error, appellant asserts that the trial court's finding was not supported by the manifest weight of the evidence. We note at the outset that when appellant was asked by the trial court whether, by withdrawing his motion to dismiss, he was consenting to the fact that his murder conviction and the facts surrounding it allowed the court to find that the offense was sexually motivated, appellant responded in the affirmative.
 {¶ 12} For an offender to be designated a sexual predator requires proof by clear and convincing evidence of two elements: (1) that the offender has been convicted of a *Page 6 
sexually oriented offense; and, (2) that the offender is likely to engage in one or more future sexually oriented offenses. State v.Bounthisavath, 11th Dist. No. 2005-L-080, 2006-Ohio-2777, at ¶ 10. Clear and convincing evidence is "* * * the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved." State v. Ingram (1992), 82 Ohio App.3d 341,346. Because a sexual predator hearing is civil in nature, we apply the civil manifest-weight-of-the-evidence standard. State v. Wilson,113 Ohio St.3d 382, 2007-Ohio-2202, at the syllabus. Pursuant to the civil manifest-weight-of-the-evidence standard, a judgment "supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr.Co., 54 Ohio St.2d 279. When reviewing a judgment under a manifest-weight-of-the-evidence standard, this court has an obligation to presume that the findings of the trier of fact are correct.Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80-81.
 {¶ 13} The trial court found that appellant's conduct in committing the murder was sexually motivated. This finding was based on the evidence before the court, which included appellant's statement to police the night of his arrest in which he described driving around looking for a prostitute, picking the victim up, and stabbing her while they engaged in sexual conduct in his car. The trial court also had before it the August 2006 evaluation by a psychologist who suggested that the court consider classifying appellant as a sexual predator. This recommendation was based in part on the *Page 7 
psychologist's findings, after administering several tests, that there is a 22 percent risk appellant would "re-offend violently" within five years, and that he is classified as "a maximum risk in the community."
 {¶ 14} Based on the foregoing, we find that there was competent, credible evidence to support the trial court's finding that the murder was sexually motivated and that appellant is likely to engage in one or more sexually oriented offenses in the future. Accordingly, appellant's second proposed assignment of error is not well-taken.
 {¶ 15} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Appellant's proposed assignments of error are found not well-taken. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 8 
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1