OPINION
{¶ 1} Appellant, Gary D. Ford, appeals from the May 10, 2007 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for sexual battery and labeled a sexual predator.
 {¶ 2} On March 6, 2007, appellant was charged by way of information with one count of sexual battery, a felony of the third degree, in violation of R.C. 2907.03(A)(5).[1] *Page 2 
On April 6, 2007, appellant entered an oral and written plea of guilty. On April 10, 2007, the trial court accepted appellant's guilty plea, and deferred sentencing and a sexual predator adjudication hearing. The trial court referred the matter to the Lake County Probation Department for a presentence investigation and report, a victim impact statement, and an HB 180 evaluation, as well as ordered appellant to submit a DNA sample to the Adult Probation Department.
 {¶ 3} On May 3, 2007, the trial court held a joint sexual predator and sentencing hearing. At that hearing, appellee, the state of Ohio, asked the trial court to label appellant a sexual predator, and stated the following: appellant had minimized his prior sex offense; he had sex offender treatment following that prior offense; he recidivated, which shows that he is likely to commit sex offenses in the future; although appellant is at the low end of the moderate range, his background and clinical work with licensed clinical psychologist Jeffrey Rindsberg ("Dr. Rindsberg") indicated a high risk of appellant re-offending; appellant was labeled as having paraphilia; he was involved in multiple sex acts with the victim over a three month period; and it appears he has an interest in children as opposed to adult female victims.
 {¶ 4} Appellant's counsel indicated the following at that hearing: although he previously pleaded guilty to a sex offense, appellant states that he did not commit that offense; that he had sex with the victim approximately three times; and that when he tried to end the relationship, the victim threatened to commit suicide. Therefore, counsel for appellant requested that appellant be labeled a habitual sex offender rather than a sexual predator. *Page 3 
 {¶ 5} According to the psychological report of Dr. Rindsberg, he determined with reasonable psychological certainty that appellant has a high risk of engaging in a future sex offense. He stated that despite the actuarial risk prediction instrument suggesting that appellant's risk falls in the low end of the moderate range, there are significant predictors of future recidivism for him. Dr. Rindsberg said that appellant has an underlying deviant sexual disorder, namely paraphilia. Despite being required to register yearly for ten years, appellant was unable to refrain from engaging in a future sex offense, namely the instant offense. Appellant had an ongoing relationship with a female teenager, and his previous offense was with a potentially prepubescent female. Dr. Rindsberg indicated that appellant's outpatient sex offender treatment that he previously completed was not effective in avoiding an additional sex offense. Thus, Dr. Rindsberg opined that while the actuarial risk prediction instruments suggest a moderate risk of recidivism, he believes that the risk is high, based upon appellant's demonstrated history.
 {¶ 6} Pursuant to its May 10, 2007 judgment entry, the trial court found appellant to be a sexual predator, and sentenced him to five years in prison, with one hundred forty-eight days of credit for time already served. The trial court notified appellant that post release control was mandatory up to a maximum of five years. He was also ordered to pay court costs and fees. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 7} "The trial court committed reversible error when it labeled [appellant] a sexual predator against the manifest weight of the evidence." *Page 4 
 {¶ 8} In his sole assignment of error, appellant argues that the trial court erred by labeling him a sexual predator against the manifest weight of the evidence. He contends that the evidence was not clear and convincing to prove that he is likely to commit a sexual offense in the future.
 {¶ 9} R.C. 2950.01(E)(1) defines a sexual predator as "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 10} In making a determination as to whether an offender is a sexual predator, the trial court must look to and consider all relevant factors pursuant to R.C. 2950.09(B)(3), including:
 {¶ 11} "(a) The offender's * * * age;
 {¶ 12} "(b) The offender's * * * prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 13} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 14} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 15} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 16} "(f) If the offender * * * previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act *Page 5 
was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 17} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 18} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 19} "(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 20} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 21} This court recently stated in State v. Clingerman, 11th Dist. No. 2006-T-0031, 2007-Ohio-7113, at ¶ 7-9:
 {¶ 22} "[f]or an offender to be designated a sexual predator requires proof by clear and convincing evidence of two elements: (1) that the offender has been convicted of a sexually oriented offense; and, (2) that the offender is likely to engage in one or more future sexually oriented offenses. State v. Bounthisavath, 11th Dist. No. 2005-L-080,2006-Ohio-2777, at ¶ 10. `Clear and convincing evidence' is `(* * *) the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved. It is an intermediate standard (* * *) being more than a preponderance of the evidence and less than evidence beyond a reasonable doubt.' State v.Ingram (1992), 82 Ohio App.3d 341, 346 * * *. * * * *Page 6 
 {¶ 23} "We apply the civil manifest-weight-of-the-evidence standard.[State v.] Wilson, [113 Ohio St.3d 382, 2007-Ohio-2202,] at the syllabus.
 {¶ 24} "`(* * *) (T)he civil manifest-weight-of-the-evidence standard was explained in C.E. Morris Co. v. Foley Constr. Co.,54 Ohio St.2d 279, * * * (* * *), syllabus ("Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence"). We have also recognized when reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct. Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,80-81 * * * (* * *). This presumption arises because the trial judge had an opportunity "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id at 80 (* * *). "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." Id. at 81 * * *.'Wilson at ¶ 24." (Parallel citations omitted.)
 {¶ 25} In the instant matter, because appellant pleaded guilty to a sexually oriented offense, the first prong of R.C. 2950.01(E)(1) has been met. Therefore, this court must determine the second prong of R.C.2950.01(E)(1), namely, whether appellant is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 26} In making its sexual predator determination, the trial court considered the presentence report, psychological evaluation, and victim impact statement. The trial *Page 7 
court relied upon numerous factors under R.C. 2950.09(B)(3) in supporting its finding that appellant is a sexual predator and stated the following in its May 10, 2007 judgment entry:
 {¶ 27} "a) [Appellant] was forty-two (42) years of age at the time of the offense;
 {¶ 28} "b) [Appellant] has a prior criminal record, including Indecent Liberties with a Child, four (4) counts of Breaking and Entering, and four (4) counts of Larceny;
 {¶ 29} "c) The victim of the sexually oriented offense for which sentence was imposed was sixteen (16) years of age at the time of the crime;
 {¶ 30} "d) The sexually oriented offense for which the sentence was imposed involved one (1) victim;
 {¶ 31} "e) [Appellant] did not use drugs or alcohol to impair the victim or to prevent the victim from resisting;
 {¶ 32} "f) [Appellant's] prior felony convictions are outlined above. [Appellant] completed a sex offender treatment program after his previous sex offense conviction;
 {¶ 33} "g) [Appellant] does have a mental illness or disability, to-wit: paraphilia;
 {¶ 34} "h) [Appellant's] sexual actions were part of a demonstrated pattern of abuse;
 {¶ 35} "i) The nature of [appellant's] actions during the commission of the sexually oriented offense did not display cruelty or threats of cruelty;
 {¶ 36} "j.) Additional behavioral characteristics that contributed to [appellant's] conduct include [appellant] has an interest in children and sexual relationships with much younger females. The fact that the victim in the case at bar and his other victim differ so much suggests that there is more versatility in his interest in these younger *Page 8 
children rather than just being attached to one type of victim. Dr. Rindsberg's opinion is that [appellant] is likely to recidivate."
 {¶ 37} The evidence presented at the sexual predator hearing, as well as the trial court's foregoing cogent analysis regarding the applicable R.C. 2950.09(B)(3) factors, clearly establish that the trial court was presented with clear and convincing evidence that appellant is likely to re-offend sexually in the future. The trial court considered the following: appellant's age as well as the young age of the victim; his prior criminal record, including the fact that he was required to register as a sexually oriented offender and was convicted of indecent liberties with a child in 1996; appellant's mental illness or disability, i.e., paraphilia; his actions were part of a demonstrated pattern of abuse; and Dr. Rindsberg's opinion that appellant is likely to recidivate. Thus, based on the foregoing factors, the trial court properly labeled appellant a sexual predator.
 {¶ 38} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur.
[1] The instant charge stems from appellant's sexual conduct with a minor female. *Page 1