OPINION
{¶ 1} Bobby L. Ferguson appeals from the judgment of the Lake County Court of Common Pleas, adjudicating him a sexual predator. We affirm.
 {¶ 2} In March 1994, Mr. Ferguson pleaded guilty to two counts of aggravated rape, in violation of R.C. 2907.02. The charges stemmed from conduct with his minor daughter, then less than thirteen years old. Mr. Ferguson was sentenced to indefinite terms of eight to twenty-five years on each count of aggravated rape, to be served *Page 2 
consecutively. He had pleaded guilty to four charges of indecent liberties with the same daughter in North Carolina in 1992, and served a term of incarceration there.
 {¶ 3} With Mr. Ferguson's release from incarceration approaching, the Ohio Department of Rehabilitation and Correction requested the trial court conduct a sexual offender classification hearing. This went forward June 13, 2007. Extensive testimony was taken from Dr. Jeffrey Rindsberg, Ph.D., the Lake County court psychologist, who conducted the HB 180 sexual classification report on Mr. Ferguson. Dr. Rindsberg concluded that Mr. Ferguson was an alcoholic, and suffered from pedophilia, his attraction being to females, and sexual addiction. He noted that two of the principal tests conducted, the Static-99, and Rapid Risk Assessment for Sexual Offense Recidivism ("PRASOR"), indicated that Mr. Ferguson was at the low end of the moderate scale for re-offending, sexually. However, he opined that Mr. Ferguson actually presented a high risk of re-offending sexually, based principally on Mr. Ferguson's history of molesting his daughter, being imprisoned, then returning to similar conduct with her in less than two years.
 {¶ 4} June 18, 2007, the trial court filed its judgment entry adjudicating Mr. Ferguson to be a sexual predator. July 11, 2007, Mr. Ferguson noticed this appeal, assigning one error:
 {¶ 5} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT LABELED THE DEFENDANT-APPELLANT A SEXUAL PREDATOR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} For an offender to be designated a sexual predator under former R.C. Chapter 2950 required proof by clear and convincing evidence of two elements: (1) that *Page 3 
the offender was convicted of or pleaded guilty to a sex or sexually oriented offense; and, (2) that the offender is likely to engage in one or more future such offenses. State v. Bounthisavath, 11th Dist. No. 2005-L-080, 2006-Ohio-2777, at ¶ 10. "Clear and convincing evidence" is "* * * the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved. It is an intermediate standard * * * being more than a preponderance of the evidence and less than evidence beyond a reasonable doubt." State v.Ingram (1992), 82 Ohio App.3d 341, 346.
 {¶ 7} We apply the civil manifest-weight-of-the-evidence standard.State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, at the syllabus.
 {¶ 8} "* * * [T]he civil manifest-weight-of-the-evidence standard was explained in C.E. Morris Co. v. Foley Constr. Co., 54 Ohio St.2d 279
* * *, syllabus (`Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence'). We have also recognized when reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct. Seasons CoalCo., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80-81 * * *. This presumption arises because the trial judge had an opportunity `to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' Id. at 80 * * *. `A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate *Page 4 
ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not.' Id. at 81 * * *." Wilson at ¶ 24. (Parallel citations omitted.)
 {¶ 9} Application of the foregoing standard of review to this case reveals the trial court's decision to classify Mr. Ferguson a sexual predator was not against the manifest-weight-of-the-evidence.
 {¶ 10} Clearly, Mr. Ferguson does not challenge whether the first prong of the test was met: he pleaded guilty to committing sex or sexually oriented offenses in raping his daughter. Rather, he argues the second prong — that he is likely to commit future sex or sexually oriented offenses — has not been met.
 {¶ 11} In determining the second prong of the sexual predator test, the trial court was required to consider a nonexclusive list of ten factors, set forth at former R.C. 2950.09(B)(3), including:
 {¶ 12} "(a) The offender's * * * age;
 {¶ 13} "(b) The offender's * * * prior criminal * ** record * * *;
 {¶ 14} "(c) The age of the victim * * *;
 {¶ 15} "(d) Whether the sexually oriented offense * * * involved multiple victims;
 {¶ 16} "(e) Whether the offender * * * used drugs or alcohol to impair the victim * * *;
 {¶ 17} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed * * * and, if the prior offense * * * was a sex offense or sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 18} "(g) Any mental illness or mental disability of the offender * * *; *Page 5 
 {¶ 19} "(h) The nature of the offender's * * * sexual conduct * * * with the victim * * * and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 {¶ 20} "(i) Whether the offender * * * displayed cruelty or made one or more threats of cruelty;
 {¶ 21} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 22} This court has held that a showing by clear and convincing evidence of one of the former R.C. 2950.09(B)(3) factors may be sufficient to uphold an offender's classification as a sexual predator. In this case, the trial court found as many as eight factors tending to support its adjudication.
 {¶ 23} Pursuant to former R.C. 2950.09(B)(3)(a), it found Mr. Ferguson was thirty-three when the offenses complained of were committed, whereas, pursuant to former R.C. 2950.09(B)(3)(c), his victim was merely twelve years, eleven months old.
 {¶ 24} Pursuant to former R.C. 2950.09(B)(3)(b), it found Mr. Ferguson had a prior criminal record, including operating a vehicle while under the influence, simple assault — and, of course four counts of indecent liberties with the same child.
 {¶ 25} Pursuant to former R.C. 2950.09(B)(3)(g), it found Mr. Ferguson suffered from alcoholism, in full remission, pedophilia, and sexual addiction.
 {¶ 26} Pursuant to former R.C. 2950.09(B)(3)(h), it found Mr. Ferguson's pattern of sexually abusing his daughter periodically between the summer of 1992 (North Carolina) and December 1993 (Ohio) constituted a pattern of abuse.
 {¶ 27} Pursuant to former R.C. 2950.09(B)(3)(i), it found Mr. Ferguson's use of force (as by holding her wrists together, and using his weight against her) and threats *Page 6 
(as by telling her how painful penile penetration would be in order to induce compliance with oral and digital sex) displayed cruelty.
 {¶ 28} Pursuant to former R.C. 2950.09(B)(3)(j), the trial court noted facts commented upon by Dr. Rindsberg in reaching his conclusion Mr. Ferguson presented a high risk of recidivism: that Mr. Ferguson raped his daughter within about a year and one-half after having pleaded guilty to taking indecent liberties with her.
 {¶ 29} In its judgment entry, the trial court states that it considered Dr. Rindsberg's testimony. The Supreme Court of Ohio has held that a psychological or psychiatric evaluation "may be the best tool available" in making a sexual offender classification. State v.Eppinger (2001), 91 Ohio St.3d 158, 163. Dr. Rindsberg's professional opinion was that Mr. Ferguson presents a high risk of recidivism.
 {¶ 30} Each of the trial court's findings is supported by competent, credible evidence. Its judgment is not against the manifest-weight-of-the-evidence; and, the assignment of error lacks merit.
 {¶ 31} The judgment of the Lake County Court of Common Pleas is affirmed.
 {¶ 32} The court finds there were reasonable grounds for this appeal.
 CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur. *Page 1