OPINION
{¶ 1} Appellant, Sherman W. Pierce, appeals the August 6, 2002 judgment entry of the Lake County Court of Common Pleas, in which he was labeled a sexual predator.
 {¶ 2} The Lake County Grand Jury indicted appellant on July 28, 1989, with one count of rape in violation of R.C. 2907.02, one count of kidnapping in violation of R.C. 2905.01, and one count of felonious sexual penetration in violation of R.C. 2907.12, all of which are aggravated felonies of the first degree. Specifically, appellant was accused of taking an eleven year-old girl to his motel room and raping her.
 {¶ 3} On November 8, 1989, a jury found appellant guilty on all three counts. Appellant was sentenced to serve a definite term of life imprisonment for the rape and felonious sexual penetration counts, and an indefinite term of ten to twenty-five years on the kidnapping charge. The sentences were to be served consecutively.
 {¶ 4} Pursuant to R.C. 2950.09, a hearing was held on July 29, 2002, to determine whether appellant was a sexual predator. At the hearing, the trial court noted that appellant was forty-one years old at the time of the offense. The court also stated that appellant had a prior criminal record "although none of the prior record related directly to a sex offense, *** his record [was] consistent with crimes of violence and that he had convictions for assault, receiving stolen property and weapons convictions." The court found that the victim was eleven, and that although there were not multiple victims, there were multiple acts of a sexual nature. The court indicated that appellant "did not use drugs or alcohol to impair the victim in order to minimize her resistance." The trial court found that appellant did have and does have a mental illness and mental disability, and that appellant "has been described as being mentally unstable and that is that he has a host of mental problems that have not been rectified nor is there any evidence that indicates that he has rectified these problems."
 {¶ 5} Furthermore, the trial court found that appellant had a drug and alcohol problem, he was discharged from the military because he had depression and post traumatic stress disorder, and there had been no indication that these conditions had been corrected. The trial judge also noted that appellant had multiple other mental issues. The court explained that since "there were multiple crimes committed but one episode in and of itself that there is not a pattern demonstrated of abuse except that this is, in fact, a crime of an adult against a child and the [c]ourt finds that that in and of itself is a pattern of abuse ***." The court stated that there was "a display of cruelty in the commission of the offense in that [appellant] had multiple acts of penetration and that he used a cream to insert in a child and also used his male organ to insert in the child. That he told the child to shut up when she was resisting and telling him not to go further and also there was the element that after the crime was completed he threatened the child by saying he would go three times as bad on her if she said anything about the offense." The trial court then indicated that based on all of the factors analyzed by the court, it found by clear and convincing evidence that appellant was a sexual predator.
 {¶ 6} In an August 6, 2002 entry, the trial court found by clear and convincing evidence that appellant was a sexual predator. Appellant timely filed the instant appeal and now assigns the following single assignment of error:
 {¶ 7} "The trial court committed reversible error when it labeled [appellant] a sexual predator against the manifest weight of the evidence."
 {¶ 8} We do not apply a de novo standard of review when reviewing a sexual predator determination; instead, we examine whether the trial court's determination was against the manifest weight of the evidence.State v. Davis (Apr. 19, 2002), 11th Dist. No. 2000-L-190, 2002 WL 603061, at 2. In determining whether an offender should be classified as a sexual predator, the trial court may use reliable hearsay such as a presentence investigation report or victim impact statement as the Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings. State v. Cook (1998), 83 Ohio St.3d 404, 425.
 {¶ 9} R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must determine by clear and convincing evidence that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(C)(2)(b).
 {¶ 10} In making such analysis, the judge must consider all relevant factors, including, but not limited to: (a) the offender's age; (b) the offender's prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) whether the offender previously has been convicted of or pleaded guilty to any criminal offense, completed any sentence imposed for the prior offense, whether the prior offense was a sex offense or a sexually oriented offense, and whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim was part of a demonstrated pattern of abuse; (i) whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and, (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j); See, also, Statev. Cowoski, 11th Dist. No. 2001-L-209, 2002-Ohio-6703, at ¶ 8.
 {¶ 11} "To adjudicate a defendant as a sexual predator, the trial court need not find that a majority of these factors support such a determination; rather, the defendant may be so adjudicated even if only one or two of these factors are present, so long as the totality of the circumstances provides clear and convincing evidence that the defendant is likely to commit a sexually-oriented offense in the future." Cowoski, supra, at ¶ 9.
 {¶ 12} Moreover, when reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 13} In the case at bar, the record includes clear and convincing evidence that several of the factors set forth in R.C.2950.09(B)(2), which the trial court considered, apply to appellant. At appellant's hearing, the trial court specifically discussed the factors. In addition, the August 6, 2002 judgment entry adjudicating appellant a sexual predator lists the factors from R.C. 2950.09(B)(2) it considered in determining that appellant was a sexual predator. Specifically, in that entry the trial court stated that: appellant was "55 years of age; 41 years of age at the time of the offense"; appellant had a prior criminal record; the victim was eleven at the time of the crime; the offense did not have multiple victims, but involved multiple acts of a sexual nature; appellant suffered from mental illness or mental disability, such as depression, alcohol or drug abuse, post traumatic stress disorder, was discharged from the military, had not sought treatment, denied guilt, and Dr. John Fabian, a clinical psychologist who evaluated appellant, recommended no unsupervised contact with children; and the nature of appellant's sexual conduct included being a crime of an adult on a child and involved multiple acts of violence, but appellant's actions were not part of a demonstrated pattern of abuse. The trial court also mentioned that appellant's actions during the commission of the offense displayed cruelty or threats of cruelty.
 {¶ 14} After reviewing the record and weighing the evidence and all reasonable inferences therefrom, we cannot conclude that the trial court lost its way. The totality of the circumstances supports the trial court's conclusion that appellant was a sexual predator. Therefore, based upon a review of the record, we cannot conclude that the trial court erred by classifying appellant as a sexual predator.
 {¶ 15} For the foregoing reasons, appellant's lone assignment of error has no merit. The judgment of the Lake County Court of Common Pleas is affirmed.
Judgment affirmed.
William M. O'Neill and Cynthia Westcott Rice, JJ., concur.