OPINION
{¶ 1} Mark D. Borecky appeals the judgment of the Lake County Court of Common Pleas finding him to be a sexual predator. We affirm.
 {¶ 2} October 2, 2003, Mr. Borecky was convicted in the Ashtabula County Court of Common Pleas of attempted gross sexual imposition, a felony of the fourth degree, for conduct involving his prepubescent niece. The offense evidently occurred in or about February 2003. He was sentenced to five years community control, fined and ordered to pay court costs, required to register as a "sexually oriented offender," and required to attend therapy.
 {¶ 3} During group therapy in the late summer of 2005, Mr. Borecky admitted that two to six weeks following the molestation of his niece, he briefly engaged in oral sex with the three-year old, mentally-challenged daughter of a close friend. Following investigation, Mr. Borecky was charged December 28, 2005, by way of information with one count of rape, a felony of the first degree, in violation of R.C. 2907.02(A)(2). He pled guilty January 23, 2006. By a judgment entry filed January 24, 2006, the trial court deferred sentencing until February 27, 2006, pending completion of a pre-sentence report, victim impact statement, and psychiatric evaluation. The sexual predator hearing mandated by R.C. 2950.09 was folded into the sentencing hearing.
 {¶ 4} Hearing went forward on the date scheduled. By a judgment entry filed March 1, 2006, the trial court determined Mr. Borecky was a sexual predator, and sentenced him to ten years' imprisonment, less time served. March 31, 2006, Mr. Borecky timely noticed this appeal, setting forth one assignment of error:
 {¶ 5} "[t]he trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 6} While a sexual offender classification hearing is civil in nature, it arises in a criminal context, and this court applies the criminal standard of review when considering a manifest weight challenge to a resulting "sexual predator" classification. State v.Bounthisavath, 11th Dist. No. 2005-L-080, 2006-Ohio-2777, at ¶ 12. Under the criminal standard, when reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new hearing must be ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins, 78 Ohio St.3d 380, 387.
 {¶ 7} The role of the appellate court is to engage in a limited weighing of the evidence introduced at the hearing in order to determine whether the state appropriately carried its burden of persuasion.Thompkins at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of witnesses. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Further, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict or judgment. Warren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at 8.
 {¶ 8} "* * * [I]n order for [an] offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses." (Emphasis sic.) State v. Eppinger,91 Ohio St.3d 158, 163, 2001-Ohio-247. In this case, Mr. Borecky pled guilty to rape: there is no question that he committed a sexually oriented offense, thus meeting the first prong of the sexual predator classification test. Rather, Mr. Borecky contends the trial court "clearly lost its way" in determining that he is likely to re-offend. Mr. Borecky advances three arguments. First, he insists that virtually none of the factors set forth at R.C. 2950.09(B)(3), which a trial court must consider when making a sexual predator adjudication, apply to him. Second, he argues his admission of the crime illustrates his present success and future determination to avoid sexually molesting prepubescent girls. Third, he notes that the objective tests administered by the court-appointed psychologist, Dr. Jeffrey Rindsberg, Psy. D., indicate a low chance of recidivism.
 {¶ 9} These arguments fail.
 {¶ 10} In determining the second recidivism prong of the sexual predator test, a trial court is required to consider a nonexclusive list of ten factors, set forth at R.C. 2950.09(B)(3), including:
 {¶ 11} "(a) The offender's * * * age;
 {¶ 12} "(b) The offender's * * * prior criminal * * * record * * *;
 {¶ 13} "(c) The age of the victim * * *;
 {¶ 14} "(d) Whether the sexually oriented offense * * * involved multiple victims;
 {¶ 15} "(e) Whether the offender * * * used drugs or alcohol to impair the victim * * *;
 {¶ 16} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 17} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 18} "(h) The nature of the offender's * * * sexual conduct * * * with the victim * * * and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 {¶ 19} "(i) Whether the offender * * * displayed cruelty or made one or more threats of cruelty;
 {¶ 20} "(j) Any additional behavorial characteristics that contribute to the offender's * * * conduct."
 {¶ 21} In considering these factors, the trial court held that five — those set forth at R.C. 2950.09(B)(3)(b), (c), (f), (g), and (j) — indicate Mr. Borecky is likely to re-offend. Mr. Borecky argues that only the age of his victim — three years — tells against him.
 {¶ 22} Even accepting Mr. Borecky's argument that only one of the R.C. 2950.09(B)(3) factors tells against him, this would be sufficient to uphold his sexual predator classification. This court has held repeatedly that a showing by clear and convincing evidence ofone of the statutory factors may be sufficient to support a sexual predator classification. State v. Pierce, 11th Dist. No. 2002-L-132,2003-Ohio-5864, at ¶ 11; accord State v. Flores, 11th Dist. No. 2004-L-030; 2005-Ohio-5277, at ¶ 24; Bounthisavath at ¶ 31. We have further held that the molestation of a child is one of the most important factors in determining whether an offender is a sexual predator. Flores at ¶ 38-39; Bounthisavath at ¶ 27. Thus, the extraordinarily young age of the victim in this case is sufficient to uphold the trial court's classification of Mr. Borecky.
 {¶ 23} Additionally, the record indicates that most of the statutory factors relied on by the trial court exist, each supported by evidence easily surpassing the requisite "clear and convincing" standard.[1]
 {¶ 24} First, pursuant to R.C. 2950.09(B)(3)(b), the trial court found that Mr. Borecky had a prior criminal record — i.e., his October 2003 conviction for attempted gross sexual imposition upon his niece. Mr. Borecky notes that the conduct giving rise to that conviction occurred only several weeks prior to his rape of his best friend's daughter, and postulates this factor is actually in his favor; he was merely suffering from a brief period of aberrant behavior. To the contrary, we find no error in the trial court's evident determination that two felony convictions, both for sexually oriented offenses against minor children, indicates a propensity for future, similar crimes.
 {¶ 25} Pursuant to R.C. 2950.09(B)(3)(f), the trial court found that Mr. Borecky had completed his sentence for his prior offense of attempted gross sexual imposition, and had participated in various sexual offender treatment programs. The record indicates a factual error by the trial court, in that Mr. Borecky's five years of community control were ongoing at the time of his second conviction. Further, his participation in treatment programs militates in Mr. Borecky's favor. We discount this particular factor in upholding the trial court.
 {¶ 26} Pursuant to R.C. 2950.09(B)(3)(g), the trial court found that Mr. Borecky is a pedophile. Dr. Rindsberg noted that this was the most important "diagnostic category" for Mr. Borecky.
 {¶ 27} Pursuant to R.C. 2950.09(B)(3)(j), "additional behavorial" factors the trial court noted in making its classification included the victim's status as a developmentally-challenged child, who could not communicate to her parents her predicament; that Mr. Borecky observed the child attempt to communicate to her father what had been done to her, and failed to admit his crime; Mr. Borecky's admitted sexual addiction; and, that Mr. Borecky continues to fantasize about sex with prepubescent girls. Mr. Borecky's only challenge to these additional factors is that he may have been unaware of his victim's developmental problems at the time he raped her; and, that he allegedly had not fantasized about prepubescent girls for several months prior to the classification hearing. Given Mr. Borecky's past actions, his continued urges and fantasies about prepubescent girls, alone, might justify his sexual predator classification.
 {¶ 28} The trial court's determination that the R.C. 2950.09(B)(3) factors indicate Mr. Borecky should be classified a sexual predator was not against the manifest weight of the evidence. Consequently, this portion of the first assignment of error is without merit.
 {¶ 29} Mr. Borecky notes that the R.C. 2950.09(B)(3) factors are not the sole evidence to be weighed by a trial court in making a sexual predator classification. From this standpoint, he argues the admission of his crime, and evidently successful suppression since its commission of his urge to molest little girls, fatally compromises the trial court's determination that he is likely to re-offend. He further notes that the objective psychological tests administered by Dr. Rindsberg indicate a low likelihood of recidivism.
 {¶ 30} According to the Ohio Supreme Court, a psychiatric or psychological evaluation "may be the best tool available" in making a sexual offender classification. Eppinger at 163. In this case, Dr. Rindsberg considered the objective tests he administered to Mr. Borecky unreliable predictors of future behavior, since they did not take account of his prior sexual crime, no sanction for that crime having been imposed at the time of the second offense. Dr. Rindsberg assessed Mr. Borecky as being a high risk to re-offend, due to his pedophilia, and continued interest in young girls. The transcript of the sexual classification hearing and the trial court's judgment entry indicate that court placed considerable reliance of Dr. Rindsberg's opinions. "* * * [I]n sexual offender classification proceedings, it is within the trial court's discretion to assess the significance, weight, and credibility of a psychological evaluation, in considering the totality of the circumstances presented." Bounthisavath at ¶ 32.
 {¶ 31} Nothing indicates the trial court erred, let alone abused its discretion, in weighing the relevant factors outside the parameters of R.C. 2950.09(B)(3) in determining Mr. Borecky is a sexual predator. Those portions of his assignment of error addressed to these issues are without merit.
 {¶ 32} The sole assignment of error is without merit. The judgment of the Lake County Court of Common Pleas is affirmed.
DONALD R. FORD, P.J. WILLIAM M. O'NEILL, J., concur.
[1] The "clear and convincing" standard requires evidence greater than a preponderance, yet less than that which is beyond a reasonable doubt.State v. Porter, 11th Dist. No. 2005-L-016, 2006-Ohio-3768, at ¶ 10.