OPINION
{¶ 1} Mark D. Borecky appeals from the judgment of the Lake County Court of Common Pleas, denying without hearing his motion to withdraw a plea of guilty to rape. We affirm.
 {¶ 2} In October 2003, Mr. Borecky was convicted of gross sexual imposition in the Ashtabula County Court of Common Pleas for conduct involving a prepubescent *Page 2 
niece in or about February 2003. State v. Borecky, 11th Dist. No. 2006-L-048, 2006-Ohio-6870, at ¶ 2 ("Borecky I"). He was sentenced by that court to five years community control, fined, ordered to pay court costs, required to register as a sexually oriented offender, and to attend therapy. Id. During group therapy in the summer of 2005, Mr. Borecky admitted that shortly following his molestation of his niece, he engaged in oral sex with the developmentally-challenged daughter of close friends. Id. at ¶ 3. The child was between three and four years of age. Id.
 {¶ 3} December 28, 2005, Mr. Borecky was charged by way of information with one count of rape, in violation of R.C. 2907.02(A)(2).Borecky I at ¶ 3. A plea hearing was held January 20, 2006, at which Mr. Borecky pleaded guilty, following full and fair advisement from the trial court regarding the rights he thereby waived. Mr. Borecky's written plea of guilty was filed January 23, 2006. Id. By a judgment entry filed the next day, the trial court deferred sentencing pending completion of a pre-sentence report, victim impact statement, and psychiatric evaluation. Id.
 {¶ 4} Sentencing hearing went forward February 27, 2006.Borecky I at ¶ 3-4. The sexual predator hearing was folded into the sentencing hearing. Id. at ¶ 3. By a judgment entry filed March 1, 2006, the trial court found Mr. Borecky to be a sexual predator, and sentenced him to a ten year term of imprisonment for rape, less time served, as well as ordered him to pay restitution and court costs.
 {¶ 5} March 31, 2006, Mr. Borecky timely appealed the trial court's adjudication of him as a sexual predator. Borecky I at ¶ 4. By an opinion announced December 22, 2006, we affirmed the trial court. Id. at ¶ 32. *Page 3 
 {¶ 6} February 15, 2007, Mr. Borecky moved the trial court for completion of a transcript at state expense for purposes of appeal, on the basis of indigence. The trial court denied this motion by a judgment entry filed February 23, 2007, noting that a transcript had previously been prepared at state expense for the appeal already taken.
 {¶ 7} September 17, 2007, Mr. Borecky moved the trial court to withdraw his prior plea of guilty, pursuant to Crim. R. 32.1. Mr. Borecky argued that his trial counsel was ineffective, for failing to file a Crim. R. 29 motion; that the state committed fraud upon the court in charging him with rape using force; and, that the trial court lacked jurisdiction to hear and accept his plea. The factual bases for these arguments was the same: (1) that his conduct with the victim failed to constitute "sexual conduct" with her, as required to support a charge of rape, but was merely "sexual contact"; and, (2) that there was no evidence to support the allegation he used force in attacking his victim, a necessary element of rape under R.C. 2907.02(A)(2).
 {¶ 8} September 19, 2007, the state moved for an extension of time to file its response to Mr. Borecky's Crim. R. 32.1 motion. The trial court granted an extension until October 15, 2007, by a judgment entry filed September 20, 2007. Nevertheless, September 27, 2007, Mr. Borecky filed an opposition to the motion for extension of time. The state filed its brief in opposition to the Crim. R. 32.1 motion October 5, 2007, along with a copy of the transcript of the plea hearing held January 20, 2006.
 {¶ 9} November 5, 2007, the trial court filed a thorough and thoughtful judgment entry, denying the Crim. R. 32.1 motion without hearing. The trial court determined that Mr. Borecky's plea had been knowing and voluntary pursuant to Crim. R. 11, obviating any basis for grant of a withdrawal pursuant to Crim. R. 32.1. It held there was no *Page 4 
evidence of fraud by the prosecution, or ineffective assistance of defense counsel. Most significantly, it determined that the nature of the sex act perpetrated by Mr. Borecky on his victim, his presence in her home as the guest of her parents, and the disparity in their "size, strength and mental resources," required a finding he used force against her.
 {¶ 10} November 26, 2007, Mr. Borecky timely noticed this appeal, assigning three errors.[1]
 {¶ 11} "[1.] The Lake County Common Pleas Court, General Trial Division, prejudiced the Defendant-Appellant, by denying his`MOTION: TO WITHDRAWAL PLEA, PURSUANT TO CRIMINAL RULE § 32.1,' without a hearing. This is a violation of the Defendant-Appellant's DUE PROCESSAND EQUAL PROTECTION RIGHTS,' as guaranteed in the Due Process Clause of the Federal Constitutions (FOURTEENTH AMENDMENT).
 {¶ 12} "[2.] The manifest weight of the evidence, does not conform to the conviction of RAPE, WITH FORCE, THREAT OF FORCE, OR DECEPTION,R.C. § *Page 5 
 2907.02(A)(2). SEE: R.C.(S) §§ 2907.01(A) 2907.01(B), for definitions of `SEXUAL CONDUCT AND SEXUAL CONTACT.'
 {¶ 13} "[3.] The Lake County Common Pleas Court lacked `SUBJECT MATTERJURISDICTION,' when the court excepted (sic) the Defendant-Appellant's plea, on the Information that the Lake County Prosecutor presented.RAPE, WITH FORCE OR THREAT OF FORCE. R.C. § 2907.02(A)(2). There was no force or threat of force, in the commission of the sexual act."
 {¶ 14} "Pursuant to Crim. R. 32.1, to withdraw a guilty plea after the imposition of sentence, a defendant bears the burden of demonstrating that such a withdrawal is necessary to correct a manifest injustice.State v. Kerns (July 14, 2000), 2000 Ohio App. LEXIS 3202, Trumbull App. No. 99-T-0106, unreported, citing State v. Smith (1977),49 Ohio St.2d 261, * * *, paragraph two of the syllabus. A post-sentence Crim. R. 32.1 motion to withdraw a guilty plea is granted only in extraordinary cases to correct a manifest injustice. Smith, 49 Ohio St.2d at 264. Although there is no time limit for filing a Crim. R. 32.1 motion, an undue delay between the occurrence of the alleged cause for the withdrawal of the plea and the filing of a Crim. R. 32.1 motion is a factor that affects the credibility of a defendant and weighs against allowing a defendant's plea to be withdrawn. Id. at paragraph three of the syllabus; State v.Jackson (Mar. 31, 2000), 2000 Ohio App. LEXIS 1423 at *7, Trumbull App. No. 98-T-0182, unreported.
 {¶ 15} "A Crim. R. 32.1 motion is addressed to the sound discretion of a trial court. State v. Xie (1992), 62 Ohio St.3d 521, * * *, paragraph two of the syllabus. The good faith, credibility, and weight of a defendant's assertions in support of his motion are to be resolved by a trial court. State v. Gibbs (June 9, 2000), 2000 Ohio App. *Page 6 
LEXIS 2526 at *6, Trumbull App. No. 98-T-0190, unreported, citingState v. Stumpf (1987), 32 Ohio St.3d 95, 104, * * *. Consequently, our review is limited to a determination of whether the trial court abused its discretion. State v. Barnett (1991), 73 Ohio App. 3d 244, 250, * * *. Abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157, * * *." State v. Madeline (Mar. 22, 2002), 11th Dist. No. 2000-T-0156, 2002 Ohio App. LEXIS 1348, at 7-9. (Parallel citations omitted.)
 {¶ 16} We recall, in this context, that "abuse of discretion" is a term of art, describing a judgment of the trial court which comports neither with the record, nor reason. Cf. State v. Ferranto (1925), 112 Ohio St. 667, 676-678.
 {¶ 17} By his first assignment of error, Mr. Borecky argues the trial court erred in denying his motion to withdraw his guilty plea without holding a hearing. By his second assignment of error, he argues that his conduct with the victim did not constitute rape. By his third assignment of error, he asserts the trial court lacked subject matter jurisdiction to accept his plea, since he was not, in fact, guilty of rape.
 {¶ 18} We deal with the assignments of error in reverse order.
 {¶ 19} The trial court clearly had subject matter jurisdiction to entertain and accept Mr. Borecky's plea. "* * * `[S]ubject matter jurisdiction' refers to whether a court has power to hear a particular cause of action, or grant a type of relief." Bd. of Trustees of ChesterTwp. v. Baumgardner, 11th Dist. No. 2006-G-2721, 2007-Ohio-1783, at ¶ 28. As a court of common pleas, the trial court has jurisdiction in felony cases.
 {¶ 20} The third assignment of error lacks merit. *Page 7 
 {¶ 21} The second assignment of error is the crux of Mr. Borecky's appeal: that he is not guilty of rape, and thus, should be permitted to withdraw his plea. In support of this, he raises two arguments. First, he contends his sexual act upon the victim was merely "sexual contact," as defined at R.C. 2907.01(B), and that rape requires "sexual conduct," as defined at R.C. 2907.01(A).
 {¶ 22} This argument lacks merit. Rape does require "sexual conduct." See, e.g., R.C. 2907.02(A)(1) and (2). R.C. 2907.01 provides, in pertinent part: "(A) `Sexual conduct' means * * * cunnilingus between persons regardless of sex * * * [.]" Mr. Borecky admitted, and still admits, he placed his mouth upon his victim's vagina. Consequently, he engaged in "sexual conduct" with her.
 {¶ 23} More significantly, Mr. Borecky argues he did not use force in his attack. He was charged with, and pleaded guilty to, rape as defined at R.C. 2907.02(A)(2), which provides: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." As described by Mr. Borecky, his infant victim was lying on her parent's sofa, evidently in a dress or skirt, without underwear, and her legs spread; he placed his mouth on her vagina, and removed it when she pushed his head away.
 {¶ 24} R.C. 2901.01(A) provides, in pertinent part: "(1) `Force' means any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."
 {¶ 25} "The force and violence necessary to commit the crime of rape depends upon the age, size and strength of the parties and their relation to each other." State v. Eskridge (1988), 38 Ohio St.3d 56, at paragraph one of the syllabus. "Force need not *Page 8 
be overt and physically brutal, but can be subtle and psychological. As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established." Id. at 58-59. Those in authority over children of tender years may be found to have committed rape with force absent express threats or significant physical harm to the victim. Cf. State v. Dye (1998), 82 Ohio St.3d 323, at the syllabus (treating rape as defined by then R.C. 2907.02(A)(1)(b) and (B)).
 {¶ 26} In this case, Mr. Borecky was an adult male aged twenty-nine years, evidently weighing in excess of two hundred pounds, who was in the victim's home as the close personal friend of her parents. The victim was a developmentally-challenged three and one-half year old child, incapable of verbalizing her predicament to her parents. We agree with the trial court that Mr. Borecky was sufficiently a figure of power and authority to the victim to overcome her will by fear or duress, thus establishing the element of force required by R.C. 2907.02(A)(2).
 {¶ 27} We find further substantiation of the force element in Mr. Borecky's own descriptions of the crime. Both in his merit brief and in his reply brief on this appeal, he states he ceased attacking the victim when she pushed his head away. Of course, statements of counsel are not evidence. However, under these unique circumstances — where an appellant is acting pro se, and is the sole witness to a crime able to state what occurred — we find his admission that the victim undertook to deter him in the only fashion she could, telling indeed.
 {¶ 28} The second assignment of error lacks merit.
 {¶ 29} By his first assignment of error, Mr. Borecky contends the trial court was required to hold a hearing on his Crim. R. 32.1 motion. *Page 9 
 {¶ 30} "When a trial court is confronted with a post-sentence Crim. R. 32.1 motion to withdraw a guilty plea, an evidentiary hearing is required if the facts alleged by a defendant, accepted as true, would require the trial court to grant the motion. * * *. However, if the record, on its face, conclusively and irrefutably contradicts a defendant's allegations in support of his Crim. R. 32.1 motion, an evidentiary hearing is not required." Madeline at 17.
 {¶ 31} In this case, the record conclusively and irrefutably contradicts Mr. Borecky's allegations. Consequently, the trial court was justified in disposing of his motion on the briefs.
 {¶ 32} The first assignment of error lacks merit.
 {¶ 33} The judgment of the Lake County Court of Common Pleas is affirmed.
 {¶ 34} The court further finds there were reasonable grounds for this appeal.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur.
[1] In conjunction with his notice of appeal, Mr. Borecky filed an affidavit of indigency, motion for preparation of transcript at state expense, and motion for appointment of counsel. January 24, 2008, he filed a second motion for appointment of counsel, a second affidavit of indigency, and motion for extension of time to file his assignments of error and merit brief. January 29, 2008, he filed a pro se merit brief, with proposed assignments of error. February 11, 2008, the state filed a motion for extension of time to file its merit brief, pending this court's ruling on Mr. Borecky's various motions. By a judgment entry filed February 19, 2008, we denied Mr. Borecky's motion for appointment of counsel, as well as his motion for extension of time to file his merit brief and assignments of error, deeming the January 29, 2008 brief sufficient. By a judgment entry filed February 21, we granted the state's motion for an extension of time to file its brief until March 10, 2008. February 28, 2008, the state moved to supplement the record on appeal with the transcript of Mr. Borecky's January 20, 2006 plea hearing, which motion we granted by a judgment entry filed March 5, 2008. The state filed its merit brief February 29, 2008. March 3, 2008, Mr. Borecky filed a consolidated motion to correct the record, for reconsideration, and for enlargement of time, whereby he again requested appointment of counsel, on the basis that our February 19, 2008 judgment entry denying him appointed counsel (on the basis that such is not required for second appeals) was error. March 6, 2008, the state opposed this consolidated motion. By a judgment entry filed May 28, 2008, we denied Mr. Borecky's consolidated motion. March 18, 2008, Mr. Borecky filed a motion for leave to file a reply brief, with brief attached. March 25, 2008, we granted his motion for leave to file his reply brief. *Page 1