[Cite as *State v. Trachman*, 2013-Ohio-4409.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 12 MA 106 |
| V. | ) | |
| | ) | OPINION |
| DANIEL TRACHMAN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Youngstown
                                 Municipal Court of Mahoning County,
                                 Ohio
                                 Case No. 11CRB903/904

JUDGMENT:                        Affirmed

APPEARANCES:
For Plaintiff-Appellee           Ms. Dana Lantz
                                 Youngstown City Prosecutor
                                 Kathleen Thompson
                                 Assistant Prosecutor
                                 26 S. Phelps Street, 4th Floor
                                 Youngstown, Ohio 44503

For Defendant-Appellant          Attorney Edward A. Czopur
                                 DeGenova & Yarwood, Ltd.
                                 42 North Phelps St.
                                 Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: September 30, 2013

DONOFRIO, J.

{¶1}    Defendant-appellant Daniel Trachman appeals a Youngstown Municipal Court decision denying his post-sentence motion to vacate his no contest plea to two charges of disorderly conduct. He argues that the revocation of his concealed carry weapon permit as a result of those convictions is a manifest injustice since the plea agreement rested on his ability to retain that permit.

{¶2}    On May 12, 2011, Trachman was charged with two counts of aggravated menacing, both first-degree misdemeanors, after allegedly brandishing a handgun at two juveniles. R.C. 2903.21. Trachman retained counsel, pleaded not guilty, and the matter proceeded to discovery and other pretrial matters.

{¶3}    On July 26, 2011, the parties reached a plea agreement. In exchange for pleas of no contest, the assistant city prosecutor agreed to amend the two charges to disorderly conduct, both first-degree misdemeanors, with a sentencing recommendation of no contact with the complaining witnesses, $200 fine for each case, six-months non-reporting community control, and forfeiture of the handgun. The trial court accepted Trachman's pleas and imposed the sentence as recommended by the parties.

{¶4}    Upon learning that the Mahoning County Sheriff's Office had revoked his concealed carry permit as a result of those convictions, Trachman filed a Crim.R. 32.1 post-sentence motion to withdraw his no contest pleas on May 14, 2012. In support of his motion, Trachman attached his own affidavit and a letter from his trial counsel indicating that his pleas were premised entirely on the condition that the resulting convictions would have no impact on his concealed carry permit. On May 16, 2012, the trial court denied the motion without a hearing. This appeal followed.

{¶5}    Trachman raises two assignments of error. Trachman's first assignment of error states:

> The trial court erred in determining that the unintended and unknown civil consequence of a CCW permit revocation was not a manifest injustice pursuant to Ohio Rule of Criminal Procedure 32.1 requiring reversal.

{¶6} Trachman argues that since the plea agreement was premised entirely on there being no impact to his concealed carry permit, the subsequent revocation of the permit resulted in a manifest injustice sufficient to allow the withdrawal of the pleas.

{¶7} In response, plaintiff-appellee the State of Ohio argues Trachman failed to establish a manifest injustice that required the trial court to allow him to withdraw his no contest pleas. The State contends the plea proceedings were free of any extraordinary and fundamental flaws and that Trachman's subsequent loss of his permit was collateral and civil in nature.

{¶8} The decision whether to grant or deny a defendant's motion to withdraw a guilty plea is within the trial court's discretion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶9} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule establishes a fairly stringent standard for deciding a post-sentence motion to withdraw a guilty plea. *Xie*, 62 Ohio St.3d at 526.

{¶10} The burden of establishing the existence of manifest injustice is on the individual seeking to vacate the plea. *Smith*, 49 Ohio St.2d at paragraph one of the syllabus. Under the manifest injustice standard, a post-sentence motion to withdraw a plea is allowed only in extraordinary cases. *Id.* at 264. "The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment." *Id.*, citing *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir.1963).

{¶11} Furthermore, although there is no time limit to make this motion after a sentence is imposed, an undue delay between the time when the motion is filed and

the reason for filing the motion is a factor adversely affecting the credibility of the movant. *Id.*

**{¶12}** Turning to the facts and circumstances of this case, we first address Trachman's contention that in crafting the plea agreement the parties attempted to prevent any impact on Trachman's concealed carry license. This contention is unsupported by the record. The written plea agreement and the plea hearing transcript reveal no mention of Trachman's ability to retain his concealed carry license as a term or condition of the plea agreement.

**{¶13}** Instead, Trachman cites in support a letter from his trial counsel that he attached in support of his motion to withdraw. However, a thorough review of the letter reveals the following pertinent statement: "The charge of Disorderly Conduct was suggested by the city prosecutor as an amended charge, as it would allow Mr. Trachman to receive his CCW permit *upon reapplication* with this department." (Emphasis added.) This implies that the parties to the plea agreement understood that Trachman's concealed carry license was or would be revoked. Indeed, Ohio law allows a person to apply for a concealed carry license anew three years after they have been convicted of or pleaded guilty to an offense of violence. R.C. 2923.125(D)(1)(f).

**{¶14}** In further support of his contention that the parties crafted the plea agreement so that it would not adversely impact his concealed carry permit, Trachman maintains that the parties choose Youngstown City's disorderly conduct ordinance as the offense to which he would plead no contest since Ohio statutory law does not view such a conviction under state law as a valid basis to revoke a concealed carry permit. Trachman's view of Ohio's concealed carry law on this point is misguided.

**{¶15}** A conviction for a misdemeanor offense of violence is grounds for a county sheriff to revoke a concealed carry license. R.C. 2923.128(B)(1)(c); R.C. 2923.125(D)(1)(f).

**{¶16}** R.C. 2901.01(I) defines an offense of violence. Subsection (1) sets forth

an enumerated list of code sections detailing various offenses. R.C. 2901.01(I)(1). Disorderly conduct, R.C. 2917.11, is not included in that list. However, R.C. 2901.01(I)(3) provides that an offense of violence includes "[a]n offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or *a risk of serious physical harm to persons* * * *.

**{¶17}** Youngstown City Ordinance 509.03 could be read to include an offense involving a risk of serious physical harm to persons:

(a) No person shall recklessly cause inconvenience, annoyance or alarm to another by doing any of the following:

* * *

(3) Insulting, taunting or challenging another, under circumstances in which such conduct is likely to provoke a violent response;

* * *

(5) Creating a condition which is physically offensive to persons or which presents a risk of physical harm to persons or property, by any act which serves no lawful and reasonable purpose of the offender.

**{¶18}** Thus, there are grounds by which the sheriff's department could revoke Trachman's concealed carry license due to his disorderly conduct conviction.

**{¶19}** Lastly, Trachman argues that the revocation of his concealed carry permit as a subsequent civil penalty is akin to the situation presented in *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). In *Padilla*, a non-resident defendant faced deportation after pleading guilty to drug trafficking. But for his counsel's assurances that he would not face deportation, the defendant argued that he would not have pleaded guilty. Since there was a statute specifically providing for deportation upon a drug offense conviction, the United State Supreme Court determined that his counsel's performance was constitutionally deficient and

remanded the matter for a determination of whether the defendant was prejudiced by that deficient performance.

{¶20} Trachman's reliance on *Padilla* is misplaced. Here, Trachman does not assert that he was misinformed by his trial counsel; nor is there a concomitant allegation of ineffective assistance of counsel. *Padilla* pertains to an ineffective assistance of counsel analysis, not manifest injustice under the context of a post-sentence motion to withdraw a guilty plea.

{¶21} Trachman also relies on the recent decision from this court in *State v. Howard*, 7th Dist. No. 12 MA 41, 2013-Ohio-1437. The *Howard* case also involved a concealed carry permit, but under different circumstances. Howard obtained a concealed carry license from the Trumbull County Sheriff's Department. Thereafter, he was charged in Youngstown Municipal Court with discharging a firearm while intoxicated. Upon learning of this charge, the Trumbull County Sheriff's Department sent Howard a suspension notice to him suspending his license. Howard resolved the discharging a firearm while intoxicated by pleading no contest to disorderly conduct and carrying a concealed weapon, both minor misdemeanors. A few months later, Howard was charged with a fourth-degree felony, carrying a concealed weapon, stemming from a traffic stop. He sought to have the charge dismissed arguing that he had a valid concealed carry license at the time of the stop. The trial court overruled Howard's motion and he entered an *Alford* plea of guilty as charged. Howard appealed and this court affirmed his conviction reasoning that he waived any review of the motion to dismiss upon entering his *Alford* guilty plea.

{¶22} Howard then filed a motion to vacate his plea arguing that his trial counsel had misinformed him that by entering an *Alford* plea he would be able to preserve all factual issues that had been raised at trial (i.e., that he had a valid concealed carry permit at the time he was arrested) for review on appeal. The trial court overruled Howard's motion without a hearing and he appealed.

{¶23} Based on Howard's affidavit that he relied upon his trial counsel's misrepresentation, the timing of his motion to withdraw and the case history, this

court found that Howard had presented enough evidence to warrant a hearing on his motion to vacate.

**{¶24}** While the *Howard* case involved a motion to vacate and a concealed carry license, it does not lend any support to Trachman's argument here. Again, as with his reliance on *Padilla*, Trachman does not assert that he was misinformed by his trial counsel; nor is there a concomitant allegation of ineffective assistance of counsel. Moreover, the possible manifest injustice at issue in *Howard* was Howard's ability to establish his innocence on appeal. Here, the issue is Trachman's ability to retain his concealed carry permit – a collateral, civil consequence to his conviction, not his guilt or innocence.

**{¶25}** For all of the foregoing reasons, this case does not present itself as the type of extraordinary case demonstrating a manifest injustice and, therefore, the trial court did not abuse its discretion in denying Trachman's motion to withdraw his no contest pleas. Accordingly, Trachman's first assignment of error is without merit.

**{¶26}** Trachman's second assignment of error states:

> By failing to conduct an evidentiary hearing the trial court committed reversible error relative to the Motion to Withdraw Pleas of "No Contest"[.]

**{¶27}** In this assignment of error, Trachman contends that the trial court erred when it did not hold an evidentiary hearing on his motion to withdraw his no contest pleas.

**{¶28}** As for an evidentiary hearing, sometimes a Crim.R. 32.1 postsentence motion to withdraw a guilty plea requires an evidentiary hearing. *State v. Borecky,* 11th Dist. No.2007-L-197, 2008-Ohio-3890, ¶ 30. It has been explained that "an evidentiary hearing is required if the facts alleged by a defendant, accepted as true, would require the trial court to grant the motion. However, if the record, on its face, conclusively and irrefutably contradicts a defendant's allegations in support of his Crim.R. 32.1 motion, an evidentiary hearing is not required." *Id.* In other words, an

evidentiary hearing is not warranted on a postsentence motion to withdraw a plea if the "record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." *State v. Bari,* 8th Dist. No. 90370, 2008-Ohio-3663, ¶ 9.

**{¶29}** Here, for the reasons explained under Trachman's first assignment of error, the record, on its face, conclusively and irrefutably contradicted Trachman's allegations in support of his Crim.R. 32.1 motion and the motion failed to demonstrate manifest injustice. Therefore, the motion did not warrant an evidentiary hearing. Accordingly, Trachman's second assignment of error is also without merit.

**{¶30}** The judgment of the trial court is hereby affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.